## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY, L.P.,** 6200 Sprint Parkway Overland Park, KS 66251  **Plaintiffs,**  **v.**  **ICELL GURU, INC. and DANIEL YUSUPOV,** 140-20 69th Road Flushing, NY 11367  **Defendants.** | Case: 1:15-mc-01148 Assigned To : Contreras, Rudolph Assign. Date : 8/25/2015 Description: Miscellaneous  **(Related to Civil Action 14-CV-3539-FB-RER, E.D.N.Y.)** |

### PLAINTIFFS' MOTION TO COMPEL
### AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company, L.P. (collectively, "Sprint"), pursuant to Fed. R. Civ. P. 30, 37 and 45 and Local Rule 7(m), move for an order compelling Wireless Buybacks, LLC ("WBB") to testify at a deposition, and in support state as follows:

### INTRODUCTION

Sprint's Motion to Compel relates to an action pending in the United States District Court for the Eastern District of New York. Sprint filed suit against Defendants iCell Guru, Inc. and Daniel Yusupov (collectively, Defendants") because they are engaging in unlawful business practices involving the unauthorized and deceptive bulk purchase and resale of Sprint's wireless telephones (the "Sprint Phones" or the "Phones"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademark rights (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme"). See Declaration of Gail Podolsky ("Decl. G. Podolsky") at ¶ 2, attached hereto as Exhibit A.  Sprint's

Complaint seeks damages and injunctive relief as a result of Defendants' violations of multiple state and federal laws.  (See id.)

In the course of the litigation, Sprint uncovered evidence demonstrating that WBB transacted business with the Defendants and has relevant information regarding Defendants' trafficking of Sprint Phones.  (Id. ¶ 3.)  Sprint attempted to ascertain this relevant information from the Defendants, but they have not been forthcoming.  Thus, Sprint is limited to third-party discovery to gather evidence of Defendants' actions pertaining to the claims in this case.

Based on this limitation, on March 26, 2015, Sprint sent a Subpoena Duces Tecum ("Document Subpoena") to WBB seeking documents relating to the Defendants.  A true and correct copy is attached hereto as Exhibit B.  In response to the Document Subpoena, WBB produced approximately 900 pages of documents relating to the Defendants.  Because Sprint needed additional information and testimony relating to these documents, on July 2, 2015, Sprint issued a Subpoena to Testify at a Deposition in a Civil Action to WBB ("Subpoena").  A true and correct copy is attached hereto as Exhibit C.  In response, on July 10, 2015, WBB filed a Motion to Intervene and to Quash the Subpoena for Protective Order.  A true and correct copy of WBB's motion is attached hereto as Exhibit D.  Sprint submitted its opposition brief on July 16, 2015.  A true and correct copy of Sprint's opposition brief is attached hereto as Exhibit E.  Less than one hour after Sprint filed its opposition brief, The Honorable Ramon E. Reyes, Jr. denied WBB's motion.  A true and correct copy of the order is attached hereto as Exhibit F.  After receiving the Order denying WBB's motion, WBB requested that the deposition be moved to July 27th to accommodate its witness' schedule.  Sprint agreed.

Based on the parties' agreement, on July 20, Sprint served an Amended Subpoena to Testify at a Deposition in a Civil Action ("Amended Subpoena").  A true and correct copy is attached hereto

101969010.1

as Exhibit G.  The Amended Subpoena contained the same subject areas for examination as did the original subpoena.  (Decl. G. Podolsky ¶ 5.)  Sprint's counsel flew from Atlanta, Georgia to Washington, D.C. to take WBB's deposition on July 27, 2015 at 10:30 a.m. ET.  (Id.)

WBB produced Mr. Lowe as its corporate representative knowing that he had no direct involvement with the Defendants, and clearly failed to ensure that he was adequately prepared to address the listed subject areas.  Accordingly, Sprint requests that the Court enter an order compelling WBB to comply with the Subpoena and award Sprint its expenses, including attorney's fees and costs, associated with bringing this Motion.

## FACTS

Sprint initially issued a deposition subpoena to WBB on July 2, 2015, which commanded WBB to produce a corporate representative at the offices of Carlton Fields Jorden Burt, P.A., 1025 Thomas Jefferson Street, N.W., Washington, D.C. 20007, on July 21, 2015 at 9:00 a.m.  (See Exhibit C.)  The Subpoena sought testimony relating to 15 narrowly tailored subject areas, all of which specifically relate to the Defendants.  (Id. p. 6-7.)  The deposition location was approximately thirty-five (35) miles from WBB's corporate headquarters.  (Id.)

In response, on July 10, 2015, WBB filed a Motion to Intervene and to Quash the Subpoena for Protective Order.  See Exh. D.  WBB argued that the deposition was being sought for an improper purpose and imposed an undue burden and expense.  (Id.)  However, WBB failed to submit any evidence or affidavits detailing how compliance with the Subpoena would allegedly impose an undue burden or expense on WBB.  Accordingly, WBB's arguments were not based in law or fact.

On July 16, 2015, Sprint submitted its opposition brief, which stated that WBB was issued the Subpoena because Defendants and their co-conspirators, including, but not limited to, WBB, have conspired to create phone trafficking businesses that earn them millions of dollars annually by unlawfully purchasing

101969010.1

and reselling subsidized wireless phones, including Sprint phones. (Exh. E p. 1.) Defendants' and WBB's business models divert Sprint's subsidies from Sprint's legitimate customers, turning those funds into Defendants' and WBB's profits. (Id. p. 2.) Further, Sprint argued that the Subpoena is not unduly burdensome because WBB is not a small company. (Id.) Indeed, WBB acknowledged in public filings that its revenues from sales to Best Buy alone exceed $45,000,000 annually. (Id.)

Sprint further argued that wireless handset trafficking costs American businesses and consumers millions of dollars annually, and causes a marked increase in violent street crime.[1] (Id. p. 2.) Sprint is leading the wireless industry in taking aggressive action against traffickers. (Id.) The lawsuit pending in the Eastern District of New York against iCell Guru, Inc. and Yusupov is one of over 60 cases filed by Sprint against traffickers in federal courts nationwide, which have so far resulted in the entry of 89 permanent injunctions and final judgments awarding damages in excess of $229,000,000. (Id.) Sprint has also filed a separate action against WBB, its principals, and other defendants in the District of Maryland. (Id.) While the discovery period is currently closed in that case, WBB was ordered to produce its corporate representative and Brendan Skelly, one of WBB's owners, for deposition and the parties agreed to have those depositions take place on September 28 and 29th. (Id.)

The opposition brief further stated that WBB has highly relevant information to Sprint's claims and Defendants' defenses. (Id.) Defendants have repeatedly failed to provide full and complete discovery responses and documents and Sprint has been forced to rely on third party subpoenas to obtain the information it needs to prosecute this case. (Id.) WBB does not dispute that it has relevant information. (Id.) Indeed, Defendants have sold hundreds of Sprint phones to WBB and WBB produced approximately 900 pages of documents relating to Defendants. (Id.) Thus, it is entirely appropriate for Sprint to examine WBB on the documents it produced and its interactions with the Defendants. (Id.)

---

[1] At least 1,600 of the Sprint Phones trafficked by WBB were obtained through burglaries or armed robberies of Sprint retail stores and Sprint authorized dealer locations.

Less than one hour after Sprint filed its opposition brief, The Honorable Ramon E. Reyes, Jr. denied WBB's Motion to Intervene and to Quash the Subpoena for Protective Order. (See Exh F.) After receiving the Order denying WBB's motion, WBB requested that the deposition be moved to July 27th to accommodate its witness' schedule. (Decl. G. Podolsky ¶ 6.) Specifically, on July 17th, WBB's counsel stated that "the potential WBB deponents are on vacation next week, but that we could try to do prep remotely and then produce a witness the following Monday, the 27[th]." A true and correct copy of this email is attached hereto as Exhibit H. Sprint agreed to move the deposition to accommodate WBB's vacation schedules. (Id.)[2]

Based on the parties' agreement, on July 20, Sprint served an Amended Subpoena to Testify at a Deposition in a Civil Action ("Amended Subpoena"). A true and correct copy is attached hereto as Exhibit G. The Amended Subpoena contained the same subject areas for examination as did the original Subpoena. (Id. ¶ 7.) WBB did not file written objections to the Amended Subpoena nor seek a protective order regarding the scope of the Amended Subpoena. (Id.) Accordingly, Sprint's counsel flew from Atlanta, Georgia to Washington, D.C. to take WBB's deposition on July 27, 2015 at 10:30 a.m. ET. (Id.)

Despite receiving the subpoena almost four weeks prior to WBB's deposition, WBB's corporate designee, Kevin Lowe, was wholly unprepared to address the subject areas identified in the Amended Subpoena, and could not answer even the most basic questions posed by Sprint.

For example, Mr. Lowe did not know:

---

2

All of this information is directly responsive to Subject Areas three, four, five, six, nine, thirteen, fourteen and fifteen in the Amended Subpoena, and Mr. Lowe should have been able to answer these questions along with the dozens of other questions asked during the deposition. (Id.)

For all practical and legal purposes, WBB failed to appear for its Rule 30(b)(6) deposition.

Based on the foregoing, on August 5, 2015, Sprint sent a good faith letter to WBB demanding that WBB produce a prepared corporate designee.  A true and correct copy of this letter is attached hereto as Exhibit J.  On August 13th, WBB's counsel responded to the letter, which is attached hereto as Exhibit K.  In a final good faith attempt to resolve this discovery

dispute, on August 14th, Sprint provided WBB's counsel with a copy of Mr. Lowe's transcript demonstrating that he was wholly unprepared.  A true and correct copy of this email is attached hereto as Exhibit L.  WBB's counsel responded on August 24th by reasserting WBB's position. A true and correct copy of the email is attached hereto as Exhibit M.  Thus, the parties were unable to resolve this discovery dispute without Court intervention.

## ARGUMENT

I.    **THE COURT SHOULD COMPEL WBB
      TO COMPLY WITH THE AMENDED SUBPOENA**

Rule 30 of the Federal Rules of Civil Procedure authorizes parties in civil actions to command a deponent's attendance by subpoena under Rule 45.  See Fed. R. Civ. P. 30(a)(1).  If a non-party fails to comply with a subpoena, the United States District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed documents.  See Fed. R. Civ. P. 37(a)(1), 45(d)(2)(B)(i); see also Tucker v. Am. Int'l Grp., Inc., 281 F.R.D. 85, 99 (D. Conn. 2012) ("The Court recognizes that it has inherent authority to compel inspection of [a non-party's documents] under Rules 45, 34, and 37 of the Federal Rules of Civil Procedure.").

> [O]ne of the "primary purposes of the Rule 30(b)(6) deposition is to 'curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of the facts that are clearly known to the organization and thereby to it.' " *Banks,* 241 F.R.D. at 372–73 (citing Fed.R.Civ.P. 30(b)(6) advisory committee notes). Accordingly, upon receiving notice of the deposition that contains a description, with reasonable particularity, the matters on which examination is requested, a corporation must: (1) designate a deponent knowledgeable on the topic; (2) designate multiple deponents if more than one is necessary to respond to all designated topics; and (3) prepare the deponent so that he or she can testify on matters both within his or her personal knowledge as well as those "reasonably known by the responding entity." *Banks,* 241 F.R.D. at 373 (citing *Alexander v. Fed. Bureau of Investigation,* 186 F.R.D. 137, 139–41 (D.D.C.1998)). A court "must guard against the gamesmanship of a company avoiding deposition topics by, for example, naming as a 30(b)(6) witness a person who knows nothing about the topics and does nothing to inform himself about them so that his deposition threatens to be a series of cynical 'I do

7

not know' statements." *Banks,* 241 F.R.D. at 375 (citing *In re Vitamins,* 216 F.R.D. at 168).

Covad Commc'ns Co. v. Revonet, Inc., 267 F.R.D. 14, 25 (D. D.C. 2010).

"Courts in this district have found that a corporate party's failure to educate its 30(b)(6) witness with respect to the corporation's full knowledge of topics noticed for the deposition is effectively a failure 'to appear for the purposes of Rule 37(d).'" Id. at 24.  As detailed herein, the Court should compel WBB's compliance with Sprint's Amended Subpoena.

A.      The Amended Subpoena is Valid and was Properly Served

In accordance with Rule 45(a), the Amended Subpoena was issued from the United States District Court for the Eastern District of New York, where this action is pending.  There is no dispute that the Amended Subpoena satisfies the form and content requirements of Rule 45(a) and that the Amended Subpoena was properly served on WBB's counsel.  At WBB's request, the Amended Subpoena set the deposition on July 27th at Sprint's counsel's office.  See Fed. R. Civ. P. 45(c) (providing that a subpoena may command attendance at a deposition and production of documents at a place "within 100 miles" of where the subpoenaed entity regularly transacts business).  The Amended Subpoena is thus valid, and the Court should compel WBB to comply with the Amended Subpoena.

B.      The Amended Subpoena Seeks WBB's Deposition
         On Subject Areas Within the Scope of Discovery

Rule 26(b) provides that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).  "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Pegoraro v. Marrero, 281 F.R.D. 122, 127 (S.D.N.Y. 2012) (alterations in original)

101969010.1

(quoting <u>Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.</u>, 964 F.2d 106, 114 (2d Cir. 1992)) (internal quotation marks omitted).

The Amended Subpoena seeks WBB's deposition on topics pertaining to the business dealings between Defendants and WBB. (Decl. G. Podolsky ¶ 7.) Testimony on these topics will show whether, and to what extent, Defendants sold Sprint Phones to WBB or bought Sprint Phones from WBB in furtherance of the Bulk Handset Trafficking Scheme. (<u>Id.</u>) The information sought in the Amended Subpoena will also assist in identifying Defendants' co-conspirators. (<u>Id.</u>) Because Defendants failed to produce meaningful discovery, which is currently the subject of two Motions to Compel, depositions of third-party business partners of Defendants, like WBB, is critical for Sprint to develop its claims. (<u>Id.</u>) The Amended Subpoena thus properly seeks a deposition within the permissible scope of discovery. <u>Pegoraro</u>, 281 F.R.D. at 127.

Moreover, WBB did not object to the specific subject areas listed in the Amended Subpoena, and the deadline to assert these or any other objections has long passed. <u>See</u> Fed. R. Civ. P. 45(d)(2)(B) (providing that objections to a document subpoena must be served in writing "before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Accordingly, WBB has waived any objections it may now wish to assert, and Sprint is entitled to deposition testimony on all of the subject areas listed in the Amended Subpoena. <u>See</u> e.g., <u>Autotech Tech. Ltd. P'ship v. Automationdirect.Com, Inc.</u>, 236 F.R.D. 396, 398 (N.D. Ill. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted"); <u>Carston v. County of Cook</u>, No. 83 C 2919, 1987 WL 8167, at *1 (N.D. Ill. 1987) ("Failure to answer in a timely manner constitutes a waiver of the right to object."); <u>Concord Boat Corp. v. Brunswick Corp.</u>, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified by

[current Rule 45(d)(2)(B)] typically constitutes a waiver of such objections.")[3]; 9A Charles Alan Wright et al., Federal Practice and Procedure § 2463 ("A failure to object within the fourteen-day period usually results in waiver of the contested issue."); see also In re Corso, 328 B.R. 375, 384 (E.D.N.Y. 2005) (noting that "[t]he fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections" and holding that non-party who failed to file objections consequently waived all objections that subpoena was unduly burdensome and overbroad). Sprint respectfully requests that the Court compel WBB to comply with the Amended Subpoena.

## II.   SPRINT IS ENTITLED TO ITS ATTORNEY'S FEES AND COSTS

Under Rule 37(a)(5), Sprint is entitled to recover its expenses, including attorney's fees and costs, incurred as a result of filing this Motion. See Fed. R. Civ. P. 37(a)(5) ("If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); In re Vitamins Antitrust Litig., 216 F.R.D. 168, 174 (D. D.C. 2003) ("Monetary sanctions are mandatory under Rule 37(d) for failure to appear by means of wholly failing to educate a Rule 30(b)(6) witness, unless the conduct was substantially justified."); Anderson v. City of New York, No. CV-06-5363 KAM/VVP, 2009 WL 3731973, at *1 (E.D.N.Y. Nov. 6, 2009) ("Any motions to compel compliance with a duly issued subpoena, if successful, would of course entitle the moving party to an award of attorneys' fees and costs in appropriate circumstances.").

---

[3] Concord cites the former Rule 45(c)(2)(B), which in 2013 was re-designated as the current Rule 45(d)(2)(B).  See Fed. R. Civ. P. 45 note on 2013 Amendment.

101969010.1

"Certainly to the extent that a designee is not responsive to a notice of deposition—claiming no or limited knowledge—the responding party may be subject to sanctions.  This is particularly true where a more knowledgeable witness might have been produced."  <u>Wilson v. Lakner</u>, 228 F.R.D. 524, 529-30 (D. Md. 2005) (internal citations omitted).  WBB designated Kevin Lowe as the corporate designee,

Sprint made several good faith attempts to resolve this discovery dispute without seeking Court intervention.  WBB has offered no justification for failing to comply with the Amended Subpoena.  <u>In re Vitamins Antitrust Litig.</u>, 216 F.R.D. at 174.  Moreover, Sprint has been and continues to be prejudiced by WBB's actions and the circumstances warrant an award of expenses.  <u>See, e.g.</u>, <u>Ultradent Prod., Inc. v. Hayman</u>, No. M8-85 RPP, 2002 WL 31119425, at *5 (S.D.N.Y. Sept. 24, 2002) (awarding costs under Rule 37 against non-party who failed to comply with document subpoena); <u>Aetna Cas. & Sur. Co. v. Rodco Autobody</u>, 130 F.R.D. 2, 4 (D. Mass. 1990) (awarding attorney's fees and costs against non-party who failed to comply with discovery

subpoena); see also Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc., 712 F.2d 1324, 1326 (9th Cir. 1983) (holding that the district court properly ordered subpoenaed witness's attorney to pay motion to compel expenses because attorney's advice not to answer questions "was not justified").

In addition, since WBB failed to comply with the Amended Subpoena and failed to offer any objections or other reasons for its non-compliance, the Court may hold WBB in contempt. See Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); see also PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002) ("The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena."). A finding of contempt is warranted here because WBB's conduct shows willfulness:

See Covad, 267 F.R.D. at 25 ("A court 'must guard against the gamesmanship of a company avoiding deposition topics by, for example, naming as a 30(b)(6) witness a person who knows nothing about the topics and does nothing to inform himself about them so that his deposition threatens to be a series of cynical I do not know statements.'" (quoting Banks v. Office of the Senate Sergeant–At–Arms, 241 F.R.D. 370, 375 (D. D.C. 2007)). Moreover, WBB refused to answer questions about WBB's efforts to locate and produce documents in response to the March 26, 2015 Subpoena Duce Tecum, which is subject area number 15. Wilson v. Lakner, 228 F.R.D. 524, 529 (D. Md. 2005) ("it is simply no answer to a 30(b)(6) deposition notice to claim that relevant documents or investigations are privileged and that therefore no knowledgeable witness can be produced."). For all practical and legal purposes, Wireless

12

Buybacks failed to appear for its Rule 30(b)(6) deposition. <u>See</u> <u>Covad</u>, 267 F.R.D. at 24 ("Courts in this district have found that a corporate party's failure to educate its 30(b)(6) witness with respect to the corporation's full knowledge of topics noticed for the deposition is effectively a failure 'to appear for the purposes of Rule 37(d).'" (quoting <u>In re Vitamins Antitrust Litig.</u>, 216 F.R.D. 168, 174 (D. D.C. 2003)). Sprint is entitled to a proper Rule 30(b)(6) deposition and WBB "is obligated to produce one or more 30(b)(6) witnesses who [a]re thoroughly educated about the noticed deposition topics with respect to any and all facts known to [WBB] or its counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the minds of counsel." <u>Vitamins Antitrust Litig.</u>, 216 F.R.D. at 172.

In finding contempt, the Court may award Sprint litigation expenses, in addition to any other sanctions the Court deems appropriate. <u>See</u> <u>Gucci Am., Inc. v. Weixing Li</u>, No. 10 CIV. 4974 RJS, 2012 WL 5992142, at *8 (S.D.N.Y. Nov. 15, 2012) (awarding attorney's fees and costs after finding subpoenaed non-party in contempt for failure to comply with subpoena); <u>PaineWebber</u>, 211 F.R.D. at 249 (holding subpoenaed non-parties in contempt because they failed, without excuse, to produce documents or attend deposition). The Court should thus find WBB in contempt and order it to reimburse Sprint's costs and expenses, including attorney's fees, incurred in bringing this Motion.[4]

## **CONCLUSION**

For the foregoing reasons, the Court should grant Sprint's Motion to Compel and enter an order requiring WBB to produce a prepared corporate designee to testify regarding each and every subject area listed in the Amended Subpoena. The Court should also award Sprint its expenses, including attorney's fees and costs, associated with bringing this Motion.

---

[4] If the Court grants Sprint's request, Sprint will submit itemized documentation of its litigation expenses.

101969010.1

Dated: August 25, 2015.

By: */s/ Brian P. Perryman*
Brian P. Perryman
D.C. Bar No. 491034
Email: bperryman@CFJBLaw.com
**CARLTON FIELDS JORDEN BURT, P.A.**
1025 Thomas Jefferson Street, NW
Suite 400 East
(202) 965-8100
(202) 965-8104 (fax)

James B. Baldinger
Florida Bar No. 869899
Email: jbaldinger@CFJBLaw.com
Stacey K. Sutton
Florida Bar No. 0289530
Email: ssutton@CFJBLaw.com
**CARLTON FIELDS JORDEN BURT, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
(561) 659-7070
(561) 659-7368 (fax)

Gail E. Podolsky
Georgia Bar No. 142021
Email: gpodolsky@CFJBLaw.com
**CARLTON FIELDS JORDEN BURT, P.A.**
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Phone: (404) 815-2714
Fax: (404) 815-3415

*Attorneys for Sprint Solutions, Inc. and*
*Sprint Communications Company L.P.*

## **CERTIFICATE OF CONFERRAL**

Pursuant to Rule 37(a)(1) and Local Rule 7(m), undersigned counsel certifies that WBB

was contacted in an effort to resolve the issues raised herein without court action, but no

agreement was reached on such issues.

*/s/ Brian P. Perryman*
Brian P. Perryman

15

## CERTIFICATE OF SERVICE

I certify that, on August 25, 2015, a true and correct copy of the foregoing was sent via email and overnight delivery to the following:

Charles R. Price, Esq.
Tandem Legal Group LLC
829 7th Street NW
Washington, DC 20001
randy@tndm.com
Counsel for Wireless Buybacks, LLC

Kevin Tung, Esq.
Ge Li, Esq.
Kevin Kerveng Tung, P.C.
Attorneys At Law
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
ktung@kktlawfirm.com
gli@kktlawfirm.com
Counsel for iCell Guru, Inc. and
Daniel Yusupov

/s/ Brian P. Perryman
Brian P. Perryman

16

101969010.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPRINT SOLUTIONS, INC. and SPRINT
COMMUNICATIONS COMPANY, L.P.,

                **Plaintiffs,**

v.

ICELL GURU, INC. and DANIEL
YUSUPOV,

                **Defendants.**

Miscellaneous Action No. _____

**(Related to Civil Action
14-CV-3539-FB-RER, E.D.N.Y.)**

## DECLARATION OF GAIL PODOLSKY IN SUPPORT OF
## PLAINTIFFS' MOTION TO COMPEL AND MEMORANDUM OF LAW IN SUPPORT

I, Gail Podolsky, declare as follows:

1.     I am an attorney with the law firm of Carlton Fields, P.A.  I am admitted to the Georgia Bar and will be seeking *pro hac vice* to practice before this Court in this case.  My firm represents Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company, L.P. (collectively, "Sprint").  Unless otherwise stated, I have personal knowledge of the matters set forth in this declaration and if called to testify, I could and would competently testify thereto.

2.     Sprint's Motion to Compel relates to an action pending in the United States District Court for the Eastern District of New York.  Sprint filed suit against Defendants iCell Guru, Inc. and Daniel Yusupov (collectively, Defendants") because they are engaging in unlawful business practices involving the unauthorized and deceptive bulk purchase and resale of Sprint's wireless telephones (the "Sprint Phones" or the "Phones"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademark rights (collectively, the "Bulk Handset Trafficking

1

Scheme" or the "Scheme"). Sprint's Complaint seeks damages and injunctive relief as a result of Defendants' violations of multiple state and federal laws.

3.      In the course of the litigation, Sprint uncovered evidence demonstrating that WBB transacted business with the Defendants and has relevant information regarding Defendants' trafficking of Sprint Phones. Sprint attempted to ascertain this relevant information from the Defendants, but they have not been forthcoming. Thus, Sprint is limited to third-party discovery to gather evidence of Defendants' actions pertaining to the claims in this case.

4.      Based on this limitation, on March 26, 2015, Sprint sent a Subpoena Duces Tecum ("Document Subpoena") to WBB seeking documents relating to the Defendants. In response to the Document Subpoena, WBB produced approximately 900 pages of documents relating to the Defendants. Because Sprint needed additional information and testimony relating to these documents, on July 2, 2015, Sprint issued a Subpoena to Testify at a Deposition in a Civil Action to WBB ("Subpoena"). In response, on July 10, 2015, WBB filed a Motion to Intervene and to Quash the Subpoena for Protective Order. Sprint submitted its opposition brief on July 16, 2015. Less than one hour after Sprint filed its opposition brief, The Honorable Ramon E. Reyes, Jr. denied WBB's motion. After receiving the Order denying WBB's motion, WBB requested that the deposition be moved to July 27th to accommodate its witness' schedule. Sprint agreed.

5.      Based on the parties' agreement, on July 20, Sprint served an Amended Subpoena to Testify at a Deposition in a Civil Action ("Amended Subpoena"). The Amended Subpoena contained the same subject areas for examination as did the original subpoena. Sprint's counsel flew from Atlanta, Georgia to Washington, D.C. to take WBB's deposition on July 27, 2015 at 10:30 a.m. ET. WBB did not file written objections to the Amended Subpoena or seek a protective order regarding the scope of the Amended Subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This 25th day of August, 2015.

/s/ Gail Podolsky
Gail Podolsky

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No: 14-CV-3539-FB-RER |
| iCELL GURU, INC. and DANIEL YUSUPOV, | ) ) ) | |
| Defendants. | ) ) ) | |

## SUBPOENA DUCES TECUM

To:   **Wireless Buybacks, LLC**
      **6679 Santa Barbara Road**
      **Suite E**
      **Elkridge, MD  21075**

☒ *Production*: You, or your representatives, must produce the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE EXHIBIT A**
**\*\*YOU MUST PROVIDE RECORDS AS INDICATED ON ATTACHED EXHIBIT A\*\***

| Place: **Carlton Fields Jorden Burt, P.A.** **1025 Thomas Jefferson Street, N.W.** **Suite 400 East** **Washington, DC  20007** **FOR QUESTIONS CALL:  404-815-2714** | Date: **April 16, 2015** |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   ___3/26/2015___

CLERK OF COURT                                                            OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing **Plaintiffs** who issues or requests this subpoena, is: **Gail Podolsky, Carlton Fields Jorden Burt, P.A., 1201 West Peachtree Street, Suite 3000, Atlanta, Georgia  30309, gpodolsky@cfjblaw.com, 404-815-2714, 404-815-3415 (fax).**

100658767.1

CASE NO. 14-CV-3539-FB-RER
Eastern District of New York

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any)_____,
was received by me on (date)_____.

☐ I served the subpoena by delivering a copy to the named individual as follows:_____
_____

_____on (*date*)_____; or

☐ I returned the subpoena unexecuted because:_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

My fees are $_____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date:_____          _____
                                                *Server's Signature*

                                        _____
                                                *Printed name and title*

                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

        **(i)** is a party or a party's officer; or

        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;

        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

        **(iv)** subjects a person to undue burden.

    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

        **(i)** expressly make the claim; and

        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## INSTRUCTIONS AND DEFINITIONS

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

1.      "You" and "Your" shall mean and include Wireless Buybacks, LLC, and each of its subsidiaries, parent, sister companies or organizations, officers, directors, members, managers, employees, accountants, agents, attorneys, representatives, investigators, consultants, partners or other persons or entities acting or purporting to act for it or on its behalf, and any corporation, partnership, proprietorship or entity of any type in which it has an interest or that is in any way affiliated or associated with it, and any parent, subsidiary, affiliate, licensee, franchisee, sister corporation or predecessor of same.

2.      "Defendants" shall mean and include iCell Guru, Inc. and Daniel Yusupov and each and all of Defendants' past and present companies, agents, employees, heirs, personal representatives, beneficiaries, and all other persons or entities acting or purporting to act for Defendants or on Defendants' behalf, including, but not limited to, any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or one of Defendant's representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants.

3.      "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, or handwritten notes, written forms of any kind, charts, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, facsimiles, email messages, text messages, spreadsheets, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, website screen shots, databases, electronic code, e-mails and all other records kept by electronic means, photographic or mechanical means, and other things similar to any of the foregoing.

4.      To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:
      a.      the title or other means of identification of the document;
      b.      the date of the document;
      c.      the author of the document;
      d.      the recipient or recipients of the document;
      e.      the subject matter of the document;
      f.      the present location of any and all copies of the document; and

g.    the names and current addresses of any and all persons who have possession, custody or control of the document or copies thereof.

5.    "Person" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

6.    To "identify" a person means to state the person's full name, present or last known address and telephone number, and present or last known business affiliation and title.

7.    The phrase "contact or communication" includes all instances in which information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, facsimiles, email, or other data transmissions of any type or nature, whether oral, electronic, or written.

8.    To "identify" a contact or communication means to state the date of the contact or communication, the person or persons involved in, participating in, or present at the contact or communication, and the nature or type of the contact or communication.

9.    The term "entity" means corporations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

10.    The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

11.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the request for production all responses which might otherwise be construed to be outside the scope.

12.    The term "each" includes the word "every" and "every" includes the word "each." The term "any" includes the word "all" and "all" includes the word "any." The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request for production responses which might otherwise be construed to be outside the scope.

13.    "Customers" includes, but is not limited to, all individuals, companies, entities, resellers or third parties to whom you (or any other entity that you are affiliated with) have sold Sprint Products and/or information.

14.    "Sprint Product" or "Sprint Products" means any product, good, or service manufactured, distributed, sold, or offered for sale by Sprint, including but not limited to Sprint Handsets and Activation Materials, and expressly including any and all confidential activation codes.

15.    "Sprint Handset" or "Sprint Handsets" means any phone or handset manufactured, distributed, sold, or offered for sale by any of the Plaintiffs, including, but not limited to, Sprint, Boost Mobile, Virgin Mobile, payLo, and Assurance Wireless phones or

phones manufactured for use on the Sprint telecommunications network, either in their original condition or after having been reprogrammed or otherwise altered or tampered with.

16.    "Activation Materials" shall mean any SIM Cards, PIN numbers, codes, and/or other mechanism, process, instructions or materials used to activate service or acquire airtime in connection with a new activation.

17.    "Alter," "alteration," or "altering" means to modify, unlock, reprogram or change in any way, or to attempt to modify, unlock, reprogram or change in any way, any Sprint Handset.

18.    The term "relating to" shall be construed as to include indicating, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, supporting, or contradicting.

## TIME FRAME

Unless otherwise indicated, these requests for production cover the time period from January 1, 2010 up to and including the date of your response hereto.

## DOCUMENTS TO BE PRODUCED

1.    All documents relating to any of the Defendants.

2.    All documents relating to any of the Defendants' acquisition and/or sale of any Sprint Products from you and documents establishing how you originally acquired each Sprint Product that was eventually sold to any of the Defendants.

3.    All documents relating to your acquisition of any Sprint Products from Defendants and the resale of those Sprint Products.

4.    All purchase orders, receipts, sales orders, invoices, statements, communications, and other documents evidencing or relating to any purchases and/or sales of Sprint Products made by you from any of the Defendants.

5.    All documents reflecting any emails and/or communications between you and any of the Defendants.

6.    All documents, including but not limited to, communications and e-mail correspondence, relating to, showing, discussing or evidencing any alteration of any Sprint Product relating to any Sprint Product purchased from or sold to any of the Defendants.

7.    All of your general ledgers, check registers, accounts, books of account, financial statements, canceled checks, electronic or credit card charge receipts and similar accounting/bookkeeping records that reflect in any way finances or transactions relating to any of the Defendants.

8.    All documents relating to Defendants advertising and selling any Sprint Products that you received, requested, accessed, or to which you were provided access.

9.      All documents relating to any restrictions, conditions, or disclaimers placed on any Sprint Products that were purchased from or sold to any of the Defendants.

10.      All documents regarding transactions relating to Sprint Products between you and Defendants including, but not limited to, purchase orders, receipts, sales orders, invoices, cancelled checks, wire transfers, ACH transfers, statements, communications, and other documents evidencing or relating to same.

# EXHIBIT C

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P.,    ) <br>      ) <br>    Plaintiffs,      ) <br>      ) <br> v.      ) <br>      ) <br> iCELL GURU, INC. and DANIEL YUSUPOV,    ) <br>      ) <br>    Defendants.      ) <br>      ) | Civil Action No: 14-CV-3539-FB-RER |

## PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    **Wireless Buybacks, LLC**
         **6679 Santa Barbara Road**
         **Suite E**
         **Elkridge, MD  21075**

☒  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is not a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

### SEE "EXHIBIT A" FOR NOTICE OF DEPOSITION

| Place: <br> **Carlton Fields Jorden Burt, P.A.** <br> **1025 Thomas Jefferson Street, N.W.** <br> **Suite 400 East** <br> **Washington, DC  20007** <br> **FOR QUESTIONS CALL:  404-815-2714** | Date: <br><br> **July 21, 2015 at 9:00 a.m.** |
|---|---|

    The deposition will be recorded by this method: <u>transcribed by a court reporter.</u>

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>July 2, 2015</u>

CLERK OF COURT                   OR

_____      _____
*Signature of Clerk or Deputy Clerk*           *Attorney Signature*

The name, address, e-mail, and telephone number of the attorney representing **Plaintiffs** who issues or requests this subpoena, is:  **Gail Podolsky, Carlton Fields Jorden Burt, P.A., 1201 West Peachtree Street, Suite 3000, Atlanta, Georgia 30309, gpodolsky@cfjblaw.com, 404-815-2714.**

CASE NO. 14-CV-3539-FB-RER
Eastern District of New York

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any)_____,
was received by me on (date)_____.

☐ I served the subpoena by delivering a copy to the named individual as follows:_____
_____

_____on (*date*)_____; or

☐ I returned the subpoena unexecuted because:_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

My fees are $_____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date:_____         _____
                                                                    *Server's Signature*

                                        _____
                                                                    *Printed name and title*

                                        _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**
**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.
**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.
**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(e) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## NOTICE OF DEPOSITION

Please take notice that pursuant to Rules 30, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the undersigned counsel for Plaintiffs will take the deposition of Wireless Buybacks, LLC on July 21, 2015 at 9:00 a.m. at Carlton Fields Jorden Burt, P.A., 1025 Thomas Jefferson Street, N.W., Suite 400 East, Washington, DC 20007. Pursuant to Fed. R. Civ. P. 30(b)(6) and 45, Wireless Buybacks, LLC is to designate one or more officers, directors, managing agents or other persons knowledgeable of the subject areas described below and who shall testify as to matters known or reasonably available to Wireless Buybacks, LLC.

The deposition will take place before a notary public or other officer authorized to administer oaths and will continue from day to day until completed. The deposition will be recorded by stenographic means.

## DEFINITIONS

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

1. You" and "Your" shall mean and include Wireless Buybacks, LLC and each of its subsidiaries, parent, sister companies or organizations, officers, directors, members, managers, employees, accountants, agents, attorneys, representatives, consultants, partners or other persons or entities acting or purporting to act for it or on its behalf, and any corporation, partnership, proprietorship or entity of any type in which it has an interest or that is in any way affiliated or associated with it, and any parent, subsidiary, affiliate, licensee, franchisee, sister corporation or predecessor of same.

2. "Defendants" shall mean and include iCell Guru, Inc. and Daniel Yusupov and each and all of Defendants' past and present companies, agents, employees, heirs, personal representatives, beneficiaries, and all other persons or entities acting or purporting to act for Defendants or on Defendants' behalf, including, but not limited to, any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or one of Defendant's representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants.

3. "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence,

memoranda, tapes, or handwritten notes, written forms of any kind, charts, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, facsimiles, email messages, text messages, spreadsheets, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, website screen shots, databases, electronic code, e-mails and all other records kept by electronic means, photographic or mechanical means, and other things similar to any of the foregoing.

4.     To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    a.     the title or other means of identification of the document;
    b.     the date of the document;
    c.     the author of the document;
    d.     the recipient or recipients of the document;
    e.     the subject matter of the document;
    f.     the present location of any and all copies of the document; and
    g.     the names and current addresses of any and all persons who have possession, custody or control of the document or copies thereof.

5.     "Person" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

6.     To "identify" a person means to state the person's full name, present or last known address and telephone number, and present or last known business affiliation and title.

7.     The phrase "contact or communication" includes all instances in which information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, facsimiles, email, or other data transmissions of any type or nature, whether oral, electronic, or written.

8.     To "identify" a contact or communication means to state the date of the contact or communication, the person or persons involved in, participating in, or present at the contact or communication, and the nature or type of the contact or communication.

9.     The term "entity" means corporations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

10.     The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

101606035.1

11.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the request for production all responses which might otherwise be construed to be outside the scope.

12.     The term "each" includes the word "every" and "every" includes the word "each." The term "any" includes the word "all" and "all" includes the word "any." The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request for production responses which might otherwise be construed to be outside the scope.

13.     "Customers" includes, but is not limited to, all individuals, companies, entities, resellers or third parties to whom you (or any other entity that you are affiliated with) have sold Sprint Products and/or information.

14.     "Sprint Product" or "Sprint Products" means any product, good, or service manufactured, distributed, sold, or offered for sale by Sprint, including but not limited to Sprint Handsets and Activation Materials, and expressly including any and all confidential activation codes.

15.     "Sprint Handset" or "Sprint Handsets" means any phone or handset manufactured, distributed, sold, or offered for sale by any of the Plaintiffs, including, but not limited to, Sprint, Sprint Prepaid, Boost Mobile, Virgin Mobile, payLo, and Assurance Wireless phones or phones manufactured for use on the Sprint telecommunications network, either in their original condition or after having been reprogrammed or otherwise altered or tampered with.

16.     "Activation Materials" shall mean any SIM Cards, PINs, codes, and/or other mechanism, process, instructions or materials used to activate service or acquire airtime in connection with a new activation.

17.     "Alter," "alteration," or "altering" means to modify, unlock, reprogram or change in any way, or to attempt to modify, unlock, reprogram or change in any way, any Sprint Handset.

18.     The term "relating to" shall be construed as to include indicating, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, supporting, or contradicting.

## TIME FRAME

Unless otherwise indicated, these Subject Areas cover the time period from January 1, 2010 up to and including the date of your response.

## SUBJECT AREAS

1.     All transactions of any kind between you and any of the Defendants.

2.     Defendants' involvement in the purchase and sale of Sprint Products.

3.     The location, disposition, and status of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets, that you sold, shipped, or altered for any of the Defendants.

4.     The location, disposition, and status of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets, that you purchased from any of the Defendants.

5.     All negotiations and communications with any of the Defendants regarding any proposed or actual sale, purchase, shipping, alteration or advertising of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets.

6.     Any and all advertising, promotional, or marketing endeavors of Sprint products by any of the Defendants of which you were a recipient or are otherwise aware.

7.     The facts and circumstances surrounding any and all customers that discussed, called, wrote, or otherwise communicated any dissatisfaction with Sprint Products purchased or received from you that you previously obtained from any of the Defendants.

8.     The facts surrounding Defendants' involvement in any other lawsuit(s) relating to the purchase, sale, altering, shipping or advertising of any wireless handset.

9.     Your past and current employees and independent contractors, including, but not limited to, their job titles, dates of employment, job responsibilities who engaged with Defendants.

10.    Your knowledge or understanding of Defendants' business processes, including, but not limited to, methods and procedures for obtaining wireless handsets and accessories regarding same, inventorying the wireless products and accessories, preparing the handsets and accessories for shipping, shipping the handsets and accessories, and selling the handsets and accessories.

11.    All facts and information known by you relating to the classes, characteristics, and/or demographics of the typical purchaser and/or prospective purchaser of Defendants' products and/or services.

12.    Any and all online forums or marketplaces where you communicated with Defendants or through which you and Defendants conducted business, including without limitation, eBay, Amazon, Wireless Buzz, Wireless Association and/or Cellpex.

13.    All products and services offered by Defendants.

14.    All communications between you and any of the Defendants.

15.    Your efforts to locate and produce documents in response to the Subpoena Duces Tecum previously served on you, which is dated March 26, 2015.

# EXHIBIT D

Case 1:14-cv-03539-FB-RER Document 12 Filed 07/10/15 Page 34 of 108 PageID #: 697



TANDEM Legal Group LLC.
829 7th St. NW
DC 20001

hitsky@tndm.com
O 202.969.0111
F 202.905.0807

July 10, 2015

The Honorable Ramon E. Reyes, Jr.                              **VIA ECF**
USDC, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:  *Sprint Solutions v. iCell Guru*, E.D.N.Y., Case No. 1:14-CV-3539-FB-RER

## MOTION TO INTERVENE AND TO QUASH SUBPOENA

Dear Judge Reyes,

     This firm represents non-party Wireless Buybacks, LLC ("WBB") in connection with discovery sought by Sprint in the above-referenced matter. We write to request permission to intervene for the limited purpose of moving to quash Sprint's Subpoena to Testify At a Deposition in a Civil Action ("the Deposition Subpoena") directed to our client. **Exhibit A**. The Deposition Subpoena should be quashed as it was sought for an improper purpose, imposing undue burden and expense in violation of Sprint's obligations under Rule 45.

* * *

     Non-party WBB is a cell phone wholesaler, a competitor of Sprint's in the secondary phone market, and one of more than 150 defendants in federal lawsuits that Sprint has filed to eliminate the secondary market for Sprint phones. The case in which WBB is a defendant has been pending for well over two years. *Sprint Nextel Corp., et al. v. Simple Cell Inc., et al.*, Civil Action No. 1:13-cv-00617 (D. Md.) (the "Maryland Case") at Dkt. No. 1 (Sprint's Complaint). More importantly, discovery in that case has now closed. *Id*. Dkt. No. 118 (Scheduling Order). In the Maryland Case, Sprint deposed several WBB corporate officers and employees, obtained the production of more than 1,000,000 pages from WBB, and issued dozens of third party subpoenas of many businesses that worked with WBB.

     Importantly, Sprint was limited to 60 hours of fact witness depositions in the Maryland Case. *Id*. at Dkt. No. 118 (Scheduling Order). But on the brink of exceeding these deposition limits, and now that the general discovery deadline has passed, Sprint remains undeterred in seeking to impose as much additional burden on WBB as possible, including in this foreign venue.

     Sprint served WBB with a Subpoena Duces Tecum in this matter dated March 26, 2015. **Exhibit B** (the "Document Subpoena"). Upon information and belief, the Document Subpoena is

**one of _at least_ 50 such subpoenas served on non-parties by Sprint in this matter**.[1]   Upon discovering that no protective order had been filed by the parties, WBB's counsel promptly contacted Sprint's counsel and requested that a protective order be entered with substantially the same protections (including for third parties) provided by the protective order that had been entered in the Maryland Case. Significant as to Sprint's underlying intent here, Sprint's counsel responded that there was no protective order in the case and that it did not anticipate entering into one with the Defendants. In dereliction of Sprint's obligations under the Federal Rules, Sprint asserted that WBB should identify specific documents that it believed required protection and _then_ counsel could "discuss the possibility of a limited protective order for those documents." **Exhibit C** (Correspondence with Counsel); _cf._ Fed. R. Civ. P. 45(d)(1) (Sprint **must** take reasonable steps to avoid imposing undue burden or expense on" WBB). As WBB's counsel observed, Sprint's position was all the more tenuous given that the protective order in the Maryland Case was negotiated and agreed to by Sprint and served to protect information produced not only by the parties to that matter (including Sprint and WBB), but also third parties. In this matter, Sprint's third-party subpoena to WBB requested categories of information, including highly sensitive documents, which are substantially the same or subsumed by information requested of WBB in the Maryland Case.   Nonetheless, Sprint reiterated its baseless position in a letter sent over a month later on May 14, 2015 (but incorrectly dated May 8, 2015). **Exhibit D**. After engaging in additional negotiations with WBB, Sprint revised its position and provided a draft protective order for WBB's review. Glaringly absent from the draft, however, was language in the Maryland Case Protective Order (1) requiring the receiving party to return or destroy confidential discovery materials after the conclusion of the case and (2) declaring that the Court could impose sanctions on anyone who disclosed or used such materials for an improper purpose, including in connection with another case. **Exhibit E** (Draft Protective Order _after_ redline by WBB's counsel).

On June 12, 2015, WBB produced roughly 900 pages of responsive documents. Crucially, WBB sent the production in hard-copy via FedEx, but notified Sprint via e-mail that it had done so. Less than one hour later — and thus without waiting to receive the production (much less review it) — Sprint's counsel notified WBB that it would also demand that WBB produce a witness for a deposition. Because Sprint had not yet received the WBB production when it notified WBB of the "need" to take its deposition, any argument that Sprint may make in opposition regarding its desire to further explore the significance or context of WBB's documents is merely pretextual.[2]

That this deposition is sought not for this case, but for the Maryland Case, is glaringly apparent from Sprint's behavior at a third-party deposition that has already taken place. On June

---

[1]       Notably, Sprint also served over 55 third party subpoenas in the Maryland Case on June 17 and June 19 with a return date of July 1 (the day before the close of discovery).
[2]       Notably, that very same day, Sprint filed a 32 page motion in the Maryland Case for reconsideration of the Magistrate Judge Sullivan's order granting WBB's motion to compel the deposition of Sprint CEO Marcelo Claure, claiming that it was unreasonable for Sprint to produce its first witness in that case for deposition. Maryland Case at Dkt. No. 227.

23, 2015, Sprint took the deposition of WBB's agent, 4U Cell LLC, which produced documents in this case, and did so earlier in the Maryland Case. At that deposition, in which 4U Cell was represented by our firm, Sprint's counsel subjected 4U Cell's witness to a page-turn review and questioning of their entire production from the Maryland Case, most of which had no connection to this case or even to Sprint as many of the invoices were for Verizon devices. Sprint's motive to harass and burden WBB and anyone associated with it became glaringly evident in subjecting the 4U Cell witness (who, not coincidentally, is the father of WBB CEO Brendan Skelly) to a six-hour deposition that focused almost entirely on WBB. Finally, at the conclusion of the deposition, when 4U Cell's counsel noted that it was designating the deposition as Confidential under the protective order (the only restriction being that Sprint is limited to using the deposition in this case), Sprint's counsel demanded that 4U Cell withdraw the designation, attempted to conduct a meet-and-confer on the record before 4U Cell's counsel could even review the transcript, and stated that Sprint would move to declassify (obviously without waiting to see what testimony was designated as Confidential).

Rule 45 affirmatively requires the party serving a subpoena to take reasonable steps to avoid imposing an undue burden on the recipient – *especially* if the recipient is a non-party. See Fed. R. Civ. P. 45(c)(1). Indeed, Rule 45 requires a court to quash or modify a subpoena that subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv); *Molefi v. Oppenheimer Trust*, No. 03 Civ. 5631, 2007 WL 538547, at *2-3 (E.D.N.Y. Feb. 15, 2007) ("[]he court is authorized to 'impose upon the party or attorney in breach of [the] duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.'").

WBB does not dispute that it purchased phones from defendant iCell Guru. But WBB takes exception to Sprint's belief that it can subject WBB and affiliated individuals and entities to endless discovery under the guise that WBB has relevant information in a separate matter.[3] This Court should not permit Sprint to subject WBB to any further burden; in particular, substantially the same sort of harassment experienced by 4U Cell this past month. This dispute presents a clear violation of the subpoena power entrusted to private parties and counsel under Rule 45. As the Ninth Circuit Court of Appeals has aptly stated, "The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004). This Court should not allow Sprint to further abuse this power and should grant WBB's motion to quash the Deposition Subpoena.

---

[3]     In June, Sprint sued a WBB employee in a separate matter. *Sprint Solutions, Inc. v. Snyder*, 5:15-cv-2439 (D. Cal).

Sincerely,

Michael L. Hitsky  (MH-7853)
Partner

cc: Counsel of record (via ECF)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | Civil Action No: 14-CV-3539-FB-RER |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| iCELL GURU, INC. and DANIEL YUSUPOV, | ) ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   **Wireless Buybacks, LLC**
        **6679 Santa Barbara Road**
        **Suite E**
        **Elkridge, MD  21075**

☒   *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is not a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

### SEE "EXHIBIT A" FOR NOTICE OF DEPOSITION

| Place: **Carlton Fields Jorden Burt, P.A.** **1025 Thomas Jefferson Street, N.W.** **Suite 400 East** **Washington, DC  20007** **FOR QUESTIONS CALL:  404-815-2714** | Date: **July 21, 2015 at 9:00 a.m.** |
|---|---|

The deposition will be recorded by this method: <u>transcribed by a court reporter.</u>

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>July 2, 2015</u>

CLERK OF COURT                                            OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                 *Attorney Signature*

The name, address, e-mail, and telephone number of the attorney representing **Plaintiffs** who issues or requests this subpoena is:  **Gail Podolsky, Carlton Fields Jorden Burt, P.A., 1201 West Peachtree Street, Suite 3000, Atlanta, Georgia 30309, gpodolsky@cfjblaw.com, 404-815-2714.**

CASE NO. 14-CV-3539-FB-RER
Eastern District of New York

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any)_____,
was received by me on (date)_____.

☐  I served the subpoena by delivering a copy to the named individual as follows:_____
_____

_____on (*date*)_____; or

☐  I returned the subpoena unexecuted because:_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness fees for one day's attendance, and the mileage allowed by law, in the amount of

My fees are $_____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date:_____        _____
                                                *Server's Signature*

                                        _____
                                                *Printed name and title*

                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**
**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.
**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.
**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(e) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## <u>NOTICE OF DEPOSITION</u>

Please take notice that pursuant to Rules 30, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the undersigned counsel for Plaintiffs will take the deposition of Wireless Buybacks, LLC on July 21, 2015 at 9:00 a.m. at Carlton Fields Jorden Burt, P.A., 1025 Thomas Jefferson Street, N.W., Suite 400 East, Washington, DC 20007. Pursuant to Fed. R. Civ. P. 30(b)(6) and 45, Wireless Buybacks, LLC is to designate one or more officers, directors, managing agents or other persons knowledgeable of the subject areas described below and who shall testify as to matters known or reasonably available to Wireless Buybacks, LLC.

The deposition will take place before a notary public or other officer authorized to administer oaths and will continue from day to day until completed. The deposition will be recorded by stenographic means.

## <u>DEFINITIONS</u>

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

1.      You" and "Your" shall mean and include Wireless Buybacks, LLC and each of its subsidiaries, parent, sister companies or organizations, officers, directors, members, managers, employees, accountants, agents, attorneys, representatives, investigators, consultants, partners or other persons or entities acting or purporting to act for it or on its behalf, and any corporation, partnership, proprietorship or entity of any type in which it has an interest or that is in any way affiliated or associated with it, and any parent, subsidiary, affiliate, licensee, franchisee, sister corporation or predecessor of same.

2.      "Defendants" shall mean and include iCell Guru, Inc. and Daniel Yusupov and each and all of Defendants' past and present companies, agents, employees, heirs, personal representatives, beneficiaries, and all other persons or entities acting or purporting to act for Defendants or on Defendants' behalf, including, but not limited to, any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or one of Defendant's representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants.

3.      "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence,

memoranda, tapes, or handwritten notes, written forms of any kind, charts, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, facsimiles, email messages, text messages, spreadsheets, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, website screen shots, databases, electronic code, e-mails and all other records kept by electronic means, photographic or mechanical means, and other things similar to any of the foregoing.

4.      To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

   a.      the title or other means of identification of the document;
   b.      the date of the document;
   c.      the author of the document;
   d.      the recipient or recipients of the document;
   e.      the subject matter of the document;
   f.      the present location of any and all copies of the document; and
   g.      the names and current addresses of any and all persons who have possession, custody or control of the document or copies thereof.

5.      "Person" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

6.      To "identify" a person means to state the person's full name, present or last known address and telephone number, and present or last known business affiliation and title.

7.      The phrase "contact or communication" includes all instances in which information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, facsimiles, email, or other data transmissions of any type or nature, whether oral, electronic, or written.

8.      To "identify" a contact or communication means to state the date of the contact or communication, the person or persons involved in, participating in, or present at the contact or communication, and the nature or type of the contact or communication.

9.      The term "entity" means corporations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

10.      The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

101606035.1

11.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the request for production all responses which might otherwise be construed to be outside the scope.

12.     The term "each" includes the word "every" and "every" includes the word "each." The term "any" includes the word "all" and "all" includes the word "any."  The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request for production responses which might otherwise be construed to be outside the scope.

13.     "Customers" includes, but is not limited to, all individuals, companies, entities, resellers or third parties to whom you (or any other entity that you are affiliated with) have sold Sprint Products and/or information.

14.     "Sprint Product" or "Sprint Products" means any product, good, or service manufactured, distributed, sold, or offered for sale by Sprint, including but not limited to Sprint Handsets and Activation Materials, and expressly including any and all confidential activation codes.

15.     "Sprint Handset" or "Sprint Handsets" means any phone or handset manufactured, distributed, sold, or offered for sale by any of the Plaintiffs, including, but not limited to, Sprint, Sprint Prepaid, Boost Mobile, Virgin Mobile, payLo, and Assurance Wireless phones or phones manufactured for use on the Sprint telecommunications network, either in their original condition or after having been reprogrammed or otherwise altered or tampered with.

16.     "Activation Materials" shall mean any SIM Cards, PINs, codes, and/or other mechanism, process, instructions or materials used to activate service or acquire airtime in connection with a new activation.

17.     "Alter," "alteration," or "altering" means to modify, unlock, reprogram or change in any way, or to attempt to modify, unlock, reprogram or change in any way, any Sprint Handset.

18.     The term "relating to" shall be construed as to include indicating, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, supporting, or contradicting.

## TIME FRAME

Unless otherwise indicated, these Subject Areas cover the time period from January 1, 2010 up to and including the date of your response.

## SUBJECT AREAS

1.      All transactions of any kind between you and any of the Defendants.

2.      Defendants' involvement in the purchase and sale of Sprint Products.

3.    The location, disposition, and status of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets, that you sold, shipped, or altered for any of the Defendants.

4.    The location, disposition, and status of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets, that you purchased from any of the Defendants.

5.    All negotiations and communications with any of the Defendants regarding any proposed or actual sale, purchase, shipping, alteration or advertising of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets.

6.    Any and all advertising, promotional, or marketing endeavors of Sprint products by any of the Defendants of which you were a recipient or are otherwise aware.

7.    The facts and circumstances surrounding any and all customers that discussed, called, wrote, or otherwise communicated any dissatisfaction with Sprint Products purchased or received from you that you previously obtained from any of the Defendants.

8.    The facts surrounding Defendants' involvement in any other lawsuit(s) relating to the purchase, sale, altering, shipping or advertising of any wireless handset.

9.    Your past and current employees and independent contractors, including, but not limited to, their job titles, dates of employment, job responsibilities who engaged with Defendants.

10.    Your knowledge or understanding of Defendants' business processes, including, but not limited to, methods and procedures for obtaining wireless handsets and accessories regarding same, inventorying the wireless products and accessories, preparing the handsets and accessories for shipping, shipping the handsets and accessories, and selling the handsets and accessories.

11.    All facts and information known by you relating to the classes, characteristics, and/or demographics of the typical purchaser and/or prospective purchaser of Defendants' products and/or services.

12.    Any and all online forums or marketplaces where you communicated with Defendants or through which you and Defendants conducted business, including without limitation, eBay, Amazon, Wireless Buzz, Wireless Association and/or Cellpex.

13.    All products and services offered by Defendants.

14.    All communications between you and any of the Defendants.

15.    Your efforts to locate and produce documents in response to the Subpoena Duces Tecum previously served on you, which is dated March 26, 2015.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

SPRINT SOLUTIONS, INC. and SPRINT     )
COMMUNICATIONS COMPANY L.P.,     )
     )
     Plaintiffs,     )
     )
v.     )     Civil Action No: 14-CV-3539-FB-RER
     )
iCELL GURU, INC. and DANIEL YUSUPOV,     )
     )
     Defendants.     )
     )
     )

## SUBPOENA DUCES TECUM

To:    **Wireless Buybacks, LLC**
    **6679 Santa Barbara Road**
    **Suite E**
    **Elkridge, MD  21075**

☒ *Production*: You, or your representatives, must produce the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE EXHIBIT A**
**\*\*YOU MUST PROVIDE RECORDS AS INDICATED ON ATTACHED EXHIBIT A\*\***

| Place:<br>**Carlton Fields Jorden Burt, P.A.**<br>**1025 Thomas Jefferson Street, N.W.**<br>**Suite 400 East**<br>**Washington, DC  20007**<br>**FOR QUESTIONS CALL:  404-815-2714** | Date:<br><br>**April 16, 2015** |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____3/26/2015____

CLERK OF COURT            OR

_____       _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing **Plaintiffs** who issues or requests this subpoena, is: **Gail Podolsky, Carlton Fields Jorden Burt, P.A., 1201 West Peachtree Street, Suite 3000, Atlanta, Georgia  30309, gpodolsky@cfjblaw.com, 404-815-2714, 404-815-3415 (fax).**

100658767.1

CASE NO. 14-CV-3539-FB-RER
Eastern District of New York

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any)_____,
was received by me on (date)_____.

□ I served the subpoena by delivering a copy to the named individual as follows:_____

_____

_____on (*date*)_____; or

□ I returned the subpoena unexecuted because:_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

My fees are $_____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date:_____        _____

*Server's Signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.

9.     All documents relating to any restrictions, conditions, or disclaimers placed on any Sprint Products that were purchased from or sold to any of the Defendants.

10.     All documents regarding transactions relating to Sprint Products between you and Defendants including, but not limited to, purchase orders, receipts, sales orders, invoices, cancelled checks, wire transfers, ACH transfers, statements, communications, and other documents evidencing or relating to same.

100658767.1

AO 88B (Rev. 12/13)  Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    (i) is a party or a party's officer; or

    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;

    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv) subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i) expressly make the claim; and

    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## INSTRUCTIONS AND DEFINITIONS

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

1.  "You" and "Your" shall mean and include Wireless Buybacks, LLC, and each of its subsidiaries, parent, sister companies or organizations, officers, directors, members, managers, employees, accountants, agents, attorneys, representatives, investigators, consultants, partners or other persons or entities acting or purporting to act for it or on its behalf, and any corporation, partnership, proprietorship or entity of any type in which it has an interest or that is in any way affiliated or associated with it, and any parent, subsidiary, affiliate, licensee, franchisee, sister corporation or predecessor of same.

2.  "Defendants" shall mean and include iCell Guru, Inc. and Daniel Yusupov and each and all of Defendants' past and present companies, agents, employees, heirs, personal representatives, beneficiaries, and all other persons or entities acting or purporting to act for Defendants or on Defendants' behalf, including, but not limited to, any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or one of Defendant's representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants.

3.  "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, or handwritten notes, written forms of any kind, charts, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, facsimiles, email messages, text messages, spreadsheets, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, website screen shots, databases, electronic code, e-mails and all other records kept by electronic means, photographic or mechanical means, and other things similar to any of the foregoing.

4.  To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:
    a.   the title or other means of identification of the document;
    b.   the date of the document;
    c.   the author of the document;
    d.   the recipient or recipients of the document;
    e.   the subject matter of the document;
    f.   the present location of any and all copies of the document; and

g.    the names and current addresses of any and all persons who have possession, custody or control of the document or copies thereof.

5.    "Person" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

6.    To "identify" a person means to state the person's full name, present or last known address and telephone number, and present or last known business affiliation and title.

7.    The phrase "contact or communication" includes all instances in which information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, facsimiles, email, or other data transmissions of any type or nature, whether oral, electronic, or written.

8.    To "identify" a contact or communication means to state the date of the contact or communication, the person or persons involved in, participating in, or present at the contact or communication, and the nature or type of the contact or communication.

9.    The term "entity" means corporations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

10.    The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

11.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the request for production all responses which might otherwise be construed to be outside the scope.

12.    The term "each" includes the word "every" and "every" includes the word "each." The term "any" includes the word "all" and "all" includes the word "any." The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request for production responses which might otherwise be construed to be outside the scope.

13.    "Customers" includes, but is not limited to, all individuals, companies, entities, resellers or third parties to whom you (or any other entity that you are affiliated with) have sold Sprint Products and/or information.

14.    "Sprint Product" or "Sprint Products" means any product, good, or service manufactured, distributed, sold, or offered for sale by Sprint, including but not limited to Sprint Handsets and Activation Materials, and expressly including any and all confidential activation codes.

15.    "Sprint Handset" or "Sprint Handsets" means any phone or handset manufactured, distributed, sold, or offered for sale by any of the Plaintiffs, including, but not limited to, Sprint, Boost Mobile, Virgin Mobile, payLo, and Assurance Wireless phones or

2

phones manufactured for use on the Sprint telecommunications network, either in their original condition or after having been reprogrammed or otherwise altered or tampered with.

16.    "Activation Materials" shall mean any SIM Cards, PIN numbers, codes, and/or other mechanism, process, instructions or materials used to activate service or acquire airtime in connection with a new activation.

17.    "Alter," "alteration," or "altering" means to modify, unlock, reprogram or change in any way, or to attempt to modify, unlock, reprogram or change in any way, any Sprint Handset.

18.    The term "relating to" shall be construed as to include indicating, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, supporting, or contradicting.

## TIME FRAME

Unless otherwise indicated, these requests for production cover the time period from January 1, 2010 up to and including the date of your response hereto.

## DOCUMENTS TO BE PRODUCED

1.    All documents relating to any of the Defendants.

2.    All documents relating to any of the Defendants' acquisition and/or sale of any Sprint Products from you and documents establishing how you originally acquired each Sprint Product that was eventually sold to any of the Defendants.

3.    All documents relating to your acquisition of any Sprint Products from Defendants and the resale of those Sprint Products.

4.    All purchase orders, receipts, sales orders, invoices, statements, communications, and other documents evidencing or relating to any purchases and/or sales of Sprint Products made by you from any of the Defendants.

5.    All documents reflecting any emails and/or communications between you and any of the Defendants.

6.    All documents, including but not limited to, communications and e-mail correspondence, relating to, showing, discussing or evidencing any alteration of any Sprint Product relating to any Sprint Product purchased from or sold to any of the Defendants.

7.    All of your general ledgers, check registers, accounts, books of account, financial statements, canceled checks, electronic or credit card charge receipts and similar accounting/bookkeeping records that reflect in any way finances or transactions relating to any of the Defendants.

8.    All documents relating to Defendants advertising and selling any Sprint Products that you received, requested, accessed, or to which you were provided access.

3

**Mike Hitsky**

| | |
|---|---|
| **From:** | Mike Hitsky |
| **Sent:** | Monday, April 06, 2015 11:00 AM |
| **To:** | Podolsky, Gail E. |
| **Cc:** | Yasko, Jennifer |
| **Subject:** | RE: Sprint v. iCell: Third-Party Subpoena to Wireless Buybacks |

Gail,

We are happy to begin producing documents once we have a protective order in place with substantially the same protections afforded Wireless Buybacks in the *Simple Cell* case. As you are aware, that protective order was negotiated and agreed to by Sprint and served to protect information produced not only by the parties to that matter (including Sprint and Wireless Buybacks), but also third parties. In the *iCell* matter, Sprint's third-party subpoena to Wireless Buybacks requested categories of information, including highly sensitive documents, which are substantially the same or subsumed by information requested of Wireless Buybacks in the *Simple Cell* case. Therefore, it should come as no surprise that Wireless Buybacks would expect the same protections for such information when it is requested by Sprint in a separate matter; all the more so given that Wireless Buybacks is not a party to this matter and Sprint has a heightened obligation under Rule 45 to take reasonable steps to avoid imposing an undue burden on Wireless Buybacks.

Wireless Buybacks remains committed to discussing and resolving any issues regarding the subpoena without the court's intervention. With respect to the specific document requests, I am working on our responses, including preparing documents for production. After you have obtained a protective order and received and reviewed the documents produced, we would be happy to confer to the extent you disagree with the designations.

Thanks,

Mike

MIKE HITSKY
TANDEM LEGAL GROUP
www.TNDM.com
829 7TH ST. NW
WASHINGTON, DC 20001
PHONE: 202.969.0111
hitsky@tndm.com

**From:** Podolsky, Gail E. [mailto:GPodolsky@cfjblaw.com]
**Sent:** Thursday, April 02, 2015 8:21 AM
**To:** Mike Hitsky
**Cc:** Yasko, Jennifer
**Subject:** RE: Sprint v. iCell: Third-Party Subpoena to Wireless Buybacks

Hi Mike,

There is no protective order in this case and we do not anticipate entering into one with the Defendants at this time. If you have certain documents that you believe require protection, please let me know what they are and we can discuss the possibility of a limited protective order for those documents.

As for the substance of the subpoena, we would like the documents requested, including, but not limited to, all email communications, invoices, purchase orders, corresponding Fishbowl data, cancelled checks, wire transfers, etc. For the Sprint phones WBB purchased from the Defendants, we also need all the information regarding how the Sprint Phone arrived (in the box with warranty, no box, etc.), how the Phones were maintained, and the subsequent sale of them, i.e., purchase orders, invoices, emails, shipping records, etc. For the Sprint Phones WBB sold to Defendants, we need all the information regarding how WBB obtained and maintained the Sprint Phone before it was sold to Defendants.

Please let me know if you have any additional questions or concerns.

Sincerely,

Gail

## CARLTON FIELDS
## JORDEN BURT

**Gail E. Podolsky**
Attorney at Law

One Atlantic Center
1201 W. Peachtree St. N.W., Ste. 3000
Atlanta, Georgia  30309-3455
Direct:  404.815.2714 | Fax:  404.815.3415

GPodolsky@cfjblaw.com | www.CFJBLaw.com
bio | vcard

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product.  If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

**From:** Mike Hitsky [mailto:hitsky@tndm.com]
**Sent:** Wednesday, April 01, 2015 4:34 PM
**To:** Podolsky, Gail E.
**Subject:** Sprint v. iCell: Third-Party Subpoena to Wireless Buybacks

Gail,

I am in receipt of Sprint's subpoena to Wireless Buybacks and will begin working on a response.  I have a couple of items I wanted to raise now:

(1)  I did not see a protective order on the *iCell* docket.  Can you please work with the defendants in that matter to seek and get a protective order entered with substantially the same protections (including for third parties) provided by the protective order entered in the *Simple Cell* case?

(2)  I imagine that you want the WBB transaction records with iCell for use in the *iCell* matter, and I'll work with the client to produce that data once the protective order is entered.  But are there any particular documents that you are looking for us to reproduce in that matter as well?

Thank you,

Mike

**MIKE HITSKY**
**TANDEM LEGAL GROUP**
www.TNDM.com
829 7TH ST. NW
WASHINGTON, DC 20001
PHONE: 202.969.0111
hitsky@tndm.com

## Mike Hitsky

| | |
|---|---|
| **From:** | Podolsky, Gail E. <GPodolsky@cfjblaw.com> |
| **Sent:** | Thursday, May 14, 2015 5:30 PM |
| **To:** | Mike Hitsky |
| **Cc:** | Yasko, Jennifer |
| **Subject:** | RE: Sprint v. iCell: Third-Party Subpoena to Wireless Buybacks |
| **Attachments:** | Sprint v. iCell Guru - May 14, 2015 Good Faith Letter to Hitsky.pdf |

Mike,

Please see attached correspondence.

Sincerely,

Gail

### CARLTON FIELDS
### JORDEN BURT

**Gail E. Podolsky**
Attorney at Law

One Atlantic Center
1201 W. Peachtree St. N.W., Ste. 3000
Atlanta, Georgia 30309-3455
Direct: 404.815.2714 | Fax: 404.815.3415

GPodolsky@cfjblaw.com | www.CFJBLaw.com
bio | vcard

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product. If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

**From:** Mike Hitsky [mailto:hitsky@tndm.com]
**Sent:** Monday, April 13, 2015 4:46 PM
**To:** Podolsky, Gail E.
**Cc:** Yasko, Jennifer
**Subject:** RE: Sprint v. iCell: Third-Party Subpoena to Wireless Buybacks

Gail,
Attached please find Wireless Buybacks' Objections and Responses to the Third Party Subpoena.
Thanks,
Mike

MIKE HITSKY
TANDEM LEGAL GROUP
www.TNDM.com
829 7TH ST. NW
WASHINGTON, DC 20001
PHONE: 202.969.0111
hitsky@tndm.com

1

**From:** Mike Hitsky
**Sent:** Monday, April 06, 2015 11:00 AM
**To:** 'Podolsky, Gail E.'
**Cc:** Yasko, Jennifer
**Subject:** RE: Sprint v. iCell: Third-Party Subpoena to Wireless Buybacks

Gail,

We are happy to begin producing documents once we have a protective order in place with substantially the same protections afforded Wireless Buybacks in the *Simple Cell* case.  As you are aware, that protective order was negotiated and agreed to by Sprint and served to protect information produced not only by the parties to that matter (including Sprint and Wireless Buybacks), but also third parties.  In the *iCell* matter, Sprint's third-party subpoena to Wireless Buybacks requested categories of information, including highly sensitive documents, which are substantially the same or subsumed by information requested of Wireless Buybacks in the *Simple Cell* case.  Therefore, it should come as no surprise that Wireless Buybacks would expect the same protections for such information when it is requested by Sprint in a separate matter; all the more so given that Wireless Buybacks is not a party to this matter and Sprint has a heightened obligation under Rule 45 to take reasonable steps to avoid imposing an undue burden on Wireless Buybacks.

Wireless Buybacks remains committed to discussing and resolving any issues regarding the subpoena without the court's intervention.  With respect to the specific document requests, I am working on our responses, including preparing documents for production.  After you have obtained a protective order and received and reviewed the documents produced, we would be happy to confer to the extent you disagree with the designations.

Thanks,

Mike


MIKE HITSKY
TANDEM LEGAL GROUP
www.TNDM.com
829 7TH ST. NW
WASHINGTON, DC 20001
PHONE: 202.969.0111
hitsky@tndm.com



**From:** Podolsky, Gail E. [mailto:GPodolsky@cfjblaw.com]
**Sent:** Thursday, April 02, 2015 8:21 AM
**To:** Mike Hitsky
**Cc:** Yasko, Jennifer
**Subject:** RE: Sprint v. iCell: Third-Party Subpoena to Wireless Buybacks

Hi Mike,

There is no protective order in this case and we do not anticipate entering into one with the Defendants at this time.  If you have certain documents that you believe require protection, please let me know what they are and we can discuss the possibility of a limited protective order for those documents.

As for the substance of the subpoena, we would like the documents requested, including, but not limited to, all email communications, invoices, purchase orders, corresponding Fishbowl data, cancelled checks, wire transfers, etc. For the Sprint phones WBB purchased from the Defendants, we also need all the information regarding how the Sprint Phone arrived (in the box with warranty, no box, etc.), how the Phones were maintained, and the subsequent sale of them, i.e., purchase orders, invoices, emails, shipping records, etc. For the Sprint Phones WBB sold to Defendants, we need all the information regarding how WBB obtained and maintained the Sprint Phone before it was sold to Defendants.

Please let me know if you have any additional questions or concerns.

Sincerely,

Gail


**CARLTON FIELDS
JORDEN BURT**

**Gail E. Podolsky**
Attorney at Law

One Atlantic Center
1201 W. Peachtree St. N.W., Ste. 3000
Atlanta, Georgia  30309-3455
Direct:  404.815.2714 | Fax:  404.815.3415

GPodolsky@cfjblaw.com | www.CFJBLaw.com
bio | vcard

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product.  If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

---

**From:** Mike Hitsky [mailto:hitsky@tndm.com]
**Sent:** Wednesday, April 01, 2015 4:34 PM
**To:** Podolsky, Gail E.
**Subject:** Sprint v. iCell: Third-Party Subpoena to Wireless Buybacks

Gail,

I am in receipt of Sprint's subpoena to Wireless Buybacks and will begin working on a response.  I have a couple of items I wanted to raise now:

(1)  I did not see a protective order on the *iCell* docket.  Can you please work with the defendants in that matter to seek and get a protective order entered with substantially the same protections (including for third parties) provided by the protective order entered in the *Simple Cell* case?

(2)  I imagine that you want the WBB transaction records with iCell for use in the *iCell* matter, and I'll work with the client to produce that data once the protective order is entered.  But are there any particular documents that you are looking for us to reproduce in that matter as well?

Thank you,

Mike

**ATTORNEYS AT LAW**

**One Atlantic Center**
1201 West Peachtree Street | Suite 3000
Atlanta, Georgia 30309-3455
404.815.3400 | fax 404.815.3415
www.CFJBLaw.com

**Atlanta**
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

**CARLTON FIELDS
JORDEN BURT**

Gail Podolsky
404-815-2714
gpodolsky@cfjblaw.com

May 8, 2015

Michael Hitsky, Esq.                                  **VIA U.S. Mail and Email**
Tandem Legal Group                                    **hitsky@tndm.com**
829 7th Street, NW
Washington, DC 20001

Re:   *Sprint Solutions, Inc., et. al. v. iCell Guru, Inc., et. al.*, United States District
      Court, Eastern District of New York, Civil Action File No. 1:14-CV-3539-FB-RER

Dear Mr. Hitsky:

         As you know, this firm represents Plaintiffs Sprint Solutions, Inc. and Sprint
Communications Company L.P. (collectively, "Sprint" or "Plaintiffs") in the above-referenced
matter. We write in response to non-party Wireless Buybacks, LLC's ("WBB") Objections and
Responses to Sprint's Subpoena Duces Tecum to Produce Documents (the "Subpoena").
Pursuant to EDNY Local Rule 37.3(a) and FRCP 37, please consider this a good faith attempt
to resolve the matters addressed herein. In compliance with EDNY Local Rule 37.3(a), we need
to schedule a telephonic conference to discuss the issues set forth below in an attempt to reach
an agreement. If we are unable to reach an agreement, Sprint will move to compel and for
sanctions.

         The general objections and the boilerplate objections included in WBB's responses are
unacceptable, and must be promptly withdrawn. It is well established that boilerplate objections
of the kind asserted by WBB in response to the requests contravene the Federal Rules of Civil
Procedure. *See, e.g., Anderson v. Sposato*, No. 11–5663, 2014 WL 794282, at *1 (E.D.N.Y.
Feb. 26, 2014) ("Although the responses often conclude with some manner of substantive
response 'notwithstanding' the objections. . . I find that the County's routine recitation of
boilerplate objections violates the spirit of the Federal Rules"). WBB's response to Request No.
5 contains merely improper boilerplate objections and must be amended.

         WBB's responses to Sprint's Requests Nos. 1, 2, 3, 4, 7 and 10 have been improperly
limited by WBB to include only responsive documents that are "sufficient to identify any
purchases and sales of non-refurbished phones from/to the Defendants that WBB understood to
be manufactured for activation on a Sprint telecommunications network." *See* WBB Responses
Nos. 1, 2, 3, 4, 7 and 10. Sprint's Subpoena, including its Definitions, does not include any such
limitations on WBB's responses and WBB's unilateral limitation of the scope of the requests is
improper. *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 465
(W.D.N.Y. 2004) (the Court "held such unilateral limitation on the scope of a document
production request to be impermissible under Rule 34(a)" and ordered that the responding party

Michael Hitsky, Esq.
May 8, 2015
Page 2

to produce all documents in respond to the request as written). Therefore, WBB must produce all documents responsive to each Request, as written, without limitation.

Further to my April 2, 2015 email, there has been no protective order entered in this case and we do not anticipate entering into one with the Defendants at this time. Therefore, kindly produce all of the documents in WBB's possession, custody or control that are responsive to Sprint's Requests immediately. Please advise if you have specific documents that you believe require protection and we can discuss the possibility of a limited protective order for those documents.

As set forth above, pursuant to EDNY Local Rule 37.3(a), we must confer telephonically in an attempt to resolve these disputes. Please advise me promptly as to your availability to conduct the required telephone conference on Monday, May 18th or Tuesday, May 19th.

Sincerely,

CARLTON FIELDS JORDEN BURT, P.A.

/s/ Gail Podolsky

Gail Podolsky
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., | ) ) |
| Plaintiffs, | ) Civil Action No: 14-CV-3539-FB-RER ) ) |
| v. | ) ) |
| iCELL GURU, INC. and DANIEL YUSUPOV, | ) **STIPULATED PROTECTIVE ORDER** ) ) |
| Defendants. | ) ) ) |

Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation and agreement by and between the respective counsel for the Parties, which include Sprint Solutions, Inc. and Sprint Communications Company, LP (collectively "Sprint" or "Plaintiffs") and Defendants iCell Guru, Inc. and Daniel Yusupov (collectively "Defendants"), and for good cause shown, IT IS HEREBY ORDERED that this Stipulated Protective Order shall control the disclosure, dissemination, and use of confidential information produced by non-parties in the Lawsuit:

1. <u>Scope of Order</u>.  This Order shall govern the production, use, and disclosure of all confidential information and materials produced by a Non-Party (defined for purposes of this Order as "any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action") in response to any subpoena, deposition or discovery request in this action, all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material"). Nothing herein should be construed as prohibiting a Non-Party from seeking additional protections or modifying the rights and duties set forth in Federal Rule of Civil Procedure 45.

2.   <u>Designation of Confidential Discovery Material</u>.   A Non-Party may, in good faith, designate as "CONFIDENTIAL" and therefore subject to the protections and requirements of this Order, Discovery Material that consists of or includes non-public information that would reasonably be subject to protection under applicable statute, rule or precedent, or personal or competitive considerations, including:

    a.   Information and materials that a Non-Party reasonably believes contain:   (i) personal information protected by a statute, rule or regulation; (ii) trade secrets; or (iii) other confidential research, development or commercial information;

    b.   all training policies, procedures, or documents related to security practices;

    c.   Discovery Material reflecting or relating to financial data, including but not limited to documents concerning revenues, costs, and profits; and

    d.   Discovery Material that, if disclosed to a business competitor, would tend to damage the Non-Party's competitive position.

3.   <u>Method of Designating Material as CONFIDENTIAL</u>.

    a.   Designation of confidential Discovery Material shall be made by stamping the legend "CONFIDENTIAL" on the document.   Multi-paged Discovery Material must be stamped "CONFIDENTIAL" on each page so designated.   If the Discovery Material cannot be so labeled, it must be designated CONFIDENTIAL in some other conspicuous manner.   Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the Party receiving the document.

    b.   If originals or other non-bates stamped Discovery Material are made available to a Party for inspection, the entirety of such material shall be treated as

2

Formatted: DocID

CONFIDENTIAL pursuant to this Order until such time as it is copied and the CONFIDENTIAL legend can be affixed to the copies of any confidential Discovery Material. The Non-Party producing such Discovery Material shall designate as CONFIDENTIAL any confidential Discovery Material selected for copying by the receiving Party by stamping or requesting in writing the stamping of the legend "CONFIDENTIAL" on the copies of such Discovery Material. All original or other non-bates stamped Discovery Material and information contained therein that is reviewed, but not selected for copying, by the receiving Party shall be treated as CONFIDENTIAL pursuant to this Order.

c.   Information conveyed or discussed in deposition testimony or a court proceeding may be designated CONFIDENTIAL (as described below) by an indication on the record at the deposition or court proceeding, or by written notice of the specific pages and lines of testimony that are CONFIDENTIAL within twenty-one (21) days after receipt of the transcript of the deposition or court proceeding. Each Party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody, or control. Until twenty-one (21) days after receipt of the transcript of the deposition or court proceeding, the Parties will treat the transcript and the information contained therein as CONFIDENTIAL in accordance with this Order.

4.   <u>Use of CONFIDENTIAL Discovery Material</u>. All CONFIDENTIAL Discovery Material may be used solely for the purposes of this action and for no other purpose.

CONFIDENTIAL Discovery Material may be disclosed to the following persons:

Formatted: DocID

    i.   any court before which this action is pending (including this Court) and any court to which an appeal in this action may arise;

    ii.   the Parties, including present officers, directors, and other employees of the Parties, to the extent reasonably necessary for the prosecution or defense of claims in this Lawsuit;

   iii.   in-house and outside counsel representing the Parties and their support personnel whose functions require access to such CONFIDENTIAL Discovery Material;

   iv.   any actual or potential witness or deponent, who has previously obtained access to much material through lawful and legitimate means, to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent;

    v.   outside vendors who perform copying, computer classification, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

   vi.   court reporters and other persons engaged in preparing transcripts of testimony or hearings for this Lawsuit;

  vii.   experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this action, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this action; and

**Formatted:** DocID

viii. any other person who is so designated by order of any court before which this action is pending (including this Court), or by agreement of the producing Non-pParty.

No CONFIDENTIAL Discovery Material may be disclosed to persons identified in subparagraphs (vii) or (viii) until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by its terms.

5.   Use of CONFIDENTIAL Discovery Material at Deposition.   Any Party may use CONFIDENTIAL Discovery Material as an exhibit in a deposition taken in this Lawsuit, subject to such exhibit being marked as CONFIDENTIAL and such exhibit otherwise being used pursuant to the terms of this Order.   If deposition testimony concerning CONFIDENTIAL Discovery Material is requested or elicited, counsel for the producing Non-Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order.

6.   Responding to Subpoenas Requesting CONFIDENTIAL Discovery Material.  If a person in possession of CONFIDENTIAL Discovery Material who is not the producing Non-Party with respect to that Material receives a subpoena or other request seeking production or other disclosure of CONFIDENTIAL Discovery Material, he/she shall immediately give written notice to counsel for the producing Non-Party identifying the CONFIDENTIAL Discovery Material sought and the date and time production or other

Formatted: DocID

disclosure is required. The Party receiving the subpoena or other request seeking production shall reasonably cooperate with the producing Non-Party should the producing Non-Party want to seek a motion to quash or motion for protective order with respect to the request for CONFIDENTIAL information.

Formatted: No underline

6.7. Filing CONFIDENTIAL Discovery Material Under Seal. Whenever any document designated as "CONFIDENTIAL" or any pleading containing CONFIDENTIAL information is filed, such document or pleading shall be filed under seal and shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL - SUBJECT TO ORDER PROHIBITING PUBLIC DISCLOSURE." Materials presented as sealed documents pursuant to this Order shall be in a sealed envelope or other appropriately sealed container on which shall be endorsed the case caption, an indication of the nature of the contents of the sealed envelope or container, the filing date of this Order, and the identity of the Party or Non-Party filing the documents. The Court will maintain under seal all such CONFIDENTIAL Discovery Material.

7.8. Challenges to Designation of Discovery Material as "CONFIDENTIAL." A Party who receives Discovery Material designated as "CONFIDENTIAL" may challenge the designation at any time by motion to this Court. In the event a designation is challenged, the Non-Party who designated the document(s) or information as "CONFIDENTIAL" bears the burden of proof that such documents and/or information contain or consist of information that qualifies under the terms of this Order. The Parties agree to maintain the confidentiality of any such CONFIDENTIAL Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

Formatted: DocID

8.9.   Exemptions for Authors and Material Independently Obtained or Publicly Available.

Nothing in this Order shall be deemed in any way to restrict the use of documents or

information which are lawfully obtained or publicly available to a Party independent of

discovery in this action, whether or not the same material has been obtained during the

course of discovery in this Lawsuit and whether or not such documents or information

have been designated "CONFIDENTIAL."  Accordingly,

    a.   Nothing in this Order shall be deemed to prohibit disclosure of any Discovery

        Material that is currently in the Party's lawful possession, custody, or control; that

        later comes into the possession of the Party from others lawfully in possession of

        such information or who are not Parties or bound by this or a comparable Order or

        obligation; that is or has become public knowledge through no fault of the Party

        having the obligation of confidentiality; or that is required to be disclosed by any

        law, regulation, order, or rule of any governmental authority.

    b.   Nothing in this Order shall be deemed to prohibit disclosure of any Discovery

        Material designated "CONFIDENTIAL" to such persons as appear on the face of

        the document to be its author or to have received the Discovery Material.

9.10.   No Waiver of Privilege.

    a.   The terms of this Order shall in no way affect a Non-Party's right to withhold

        information on grounds of privilege or immunity from discovery such as, by way of

        example and not by way of limitation, attorney-client privilege or work product

        doctrine.

    b.   The production of any document or other information during discovery shall be

        without prejudice to any claim that such material is protected from discovery under

**Formatted:** DocID

the attorney-client or other privilege such as work product, and no pParty or Non-Party shall be held to have waived any rights by such production.  Upon written request by the producing Non-Party, the receiving Party shall: (a) sequester the original and return all copies of such inadvertently produced privileged documents; (b) shall not review, copy, or disseminate the privileged documents or information other than as allowed under the Federal Rules of Civil Procedure; and (c) shall not use such documents or information for any purpose absent further ruling by the Court.

10.11.  No Admission.  Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by a Party or Non-Party to a designation of "CONFIDENTIAL" hereunder nor in relation to the merits of any claims or defenses raised in this Lawsuit.

11.12.  Court Retains Jurisdiction.  The Court shall retain jurisdiction over the Parties and Non-Parties designating Discovery Material under this Order for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary.

13.    Post-Action Treatment of CONFIDENTIAL Discovery Material. No later than ninety (90) days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this action, any person possessing any CONFIDENTIAL Discovery Material shall return all such CONFIDENTIAL Discovery Material, including all copies, extracts, and summaries, to the producing Non-Party, or, in lieu thereof, shall certify in writing that all CONFIDENTIAL Discovery Material has

| Formatted: Underline |
| Formatted: No underline |
| Formatted: DocID |

been destroyed, except that counsel of record may retain for their files copies of any paper served or filed with the Court in this action, including portions of any such papers that contain or disclose CONFIDENTIAL Discovery Material.

**Formatted:** No underline

12.14. Continuing Effect of this Order. Neither the final disposition of this Lawsuit, by judgment, dismissal, settlement, or otherwise, nor the termination of employment of any person who had access to any CONFIDENTIAL Discovery Material shall relieve any person from the obligations of maintaining both the confidentiality and the restrictions of use of anything disclosed pursuant to this Order.

13.15. Modification of this Order. Any Party or Non-Party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of CONFIDENTIAL Discovery Material, including the use of such material in submissions to the Court. Nothing in this Order shall preclude the Parties or any Non-Party from moving to amend or modify this Order by stipulation, or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing and applies only to CONFIDENTIAL Discovery Materials that were produced by the signatories to such an agreement.

14.16. Entry and Enforcement of Order by the Court. The Parties submitted this Order for entry by the Court and agree to be bound by the terms effective as of the date the stipulation was fully executed by the Parties, as if the Order had been entered on that date. The Court may impose sanctions on any person possessing or granted access to CONFIDENTIAL Discovery Material pursuant to this Order who discloses or uses the CONFIDENTIAL Discovery Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order. All persons to whom

**Formatted:** DocID

CONFIDENTIAL Discovery Material is disclosed shall be subject to the jurisdiction of this Court for the purpose of enforcing this Order.  This Order shall continue in full force and effect, and shall be binding upon the Parties and all persons to whom CONFIDENTIAL Discovery Material has been disclosed, both during and after the pendency of this case.

IT IS SO ORDERED.

Done and Ordered this ____ day of _____, 2015.

_____

United States District Judge

Formatted: DocID

**APPROVED FOR ENTRY:**

| | |
|---|---|
| Jennifer A. Yasko (JY 4034) | Kevin Tung, Esq. (KT-1478) |
| Email: jyasko@CFJBLaw.com | Kevin Kerveng Tung, P.C. |
| James B. Baldinger | 136-20 38th Avenue, Suite 3D |
| Florida Bar No. 869899 | Flushing, New York 11354 |
| Email: jbaldinger@CFJBLaw.com | Phone: (718) 939-4633 |
| *Admitted pro hac vice* | Email: ktung@kktlawfirm.com |
| Stacey K. Sutton | *Counsel for Defendants* |
| Florida Bar No. 0289530 | |
| Email: ssutton@CFJBLaw.com | |
| *Admitted pro hac vice* | |

**CARLTON FIELDS JORDEN BURT, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Phone: (561) 659-7070
Fax: (561) 659-7368

Gail E. Podolsky
Georgia Bar No. 142021
Email: gpodolsky@CFJBLaw.com
*Admitted pro hac vice*
**CARLTON FIELDS JORDEN BURT, P.A.**
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Phone: (404) 815-2714
Fax: (404) 815-3415

*Attorneys for Sprint Solutions, Inc. and*
*Sprint Communications Company L.P.*

Formatted: DocID

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPRINT SOLUTIONS, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No: 14-CV-3539-FB-RER |
| | ) |
| v. | ) |
| | ) |
| iCELL GURU, INC., *et. al.*, | ) |
| | ) |
| Defendants. | ) |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of New York in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date:_____ _____

Signature

Formatted: DocID

101131535.1 101131535 1

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorney(s) of record that the documents have been filed and are available for viewing and downloading.


This _____ day of May, 2015.


_____
Jennifer A. Yasko (JY 4034)
Email: jyasko@CFJBLaw.com

*Attorneys for Sprint Solutions, Inc. and*
*Sprint Communications Company L.P.*


Formatted: DocID

# EXHIBIT E

# CARLTON FIELDS
# JORDEN BURT

ATTORNEYS AT LAW

**One Atlantic Center**
1201 West Peachtree Street | Suite 3000
Atlanta, Georgia  30309-3455
404.815.3400 | fax 404.815.3415
www.CFJBLaw.com

**Atlanta**
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Gail Podolsky
404-815-2714
gpodolsky@cfjblaw.com

July 17, 2015

The Honorable Ramon E. Reyes, Jr.                                    VIA ECF
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   *Sprint Solutions, Inc., et. al. v. iCell Guru, Inc., et. al.*, USDC, Eastern District of New
York, Civil Action No. 1:14-CV-3539-FB-RER

## RESPONSE IN OPPOSITION TO THIRD PARTY
## WIRELESS BUYBACKS, LCC'S MOTION TO INTERVENE AND TO QUASH SUBPOENA

Dear Judge Reyes:

This firm represents Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P.
(collectively, "Sprint").  Pursuant to FRCP 37 and 45, Local Rule 37.3(a) and Your Honor's Individual Rule
III(C), we write to respectfully request that the Court deny third-party Wireless Buybacks, LLC's ("WBB")
Motion to Intervene and to Quash [DE 42] the properly issued Subpoena to Testify at a Deposition in a
Civil Action ("Subpoena").  In support of its position Sprint respectfully states that WBB's Motion is
procedurally improper because it should have been filed in the District of Columbia because that is where
compliance is required and the deposition is set to take place.  To the extent the Court reaches the substance
of WBB's Motion, the Motion should be denied because WBB failed to establish undue burden or expense
and failed to demonstrate that the Subpoena was issued for an improper purpose.  As detailed herein, WBB
has highly relevant and discoverable information and its deposition should go forward as noticed.

## I.  Background Information

On July 2, 2015, Sprint served WBB's counsel with the Subpoena, which commands WBB to
produce a corporate representative at the offices of Carlton Fields Jorden Burt, P.A., 1025 Thomas Jefferson
Street, N.W., Washington, D.C. 20007, on July 21, 2015 at 9:00 a.m.  [DE 42-1].  The Subpoena seeks
testimony relating to 15 narrowly tailored subject areas, all of which specifically relate to the Defendants.
*Id.*  The deposition location is approximately thirty-five (35) miles from WBB's corporate headquarters. *Id.*
WBB is not challenging the date, time or location of the deposition.

WBB was issued the Subpoena because Defendants and their co-conspirators, including, but not
limited to, WBB, have conspired to create phone trafficking businesses that earn them millions of dollars
annually by unlawfully purchasing and reselling subsidized wireless phones, including Sprint phones.

The Honorable Ramon E. Reyes, Jr.
July 17, 2015
Page 2

Defendants' and WBB's business models divert Sprint's subsidies from Sprint's legitimate customers, turning those funds into Defendants' and WBB's profits. Thus, WBB is not a competitor of Sprint's. Nor is WBB a small company. WBB acknowledged in public filings that their revenue from sales to Best Buy alone exceed $45,000,000 annually.

Wireless handset trafficking costs American businesses and consumers millions of dollars annually, and causes a marked increase in violent street crime.[1] Sprint is leading the wireless industry in taking aggressive action against traffickers. This lawsuit against iCell Guru, Inc. and Yusupov is one of over 60 cases filed by Sprint against traffickers in federal courts nationwide, which have so far resulted in the entry of 89 permanent injunctions and final judgments awarding damages in excess of $229,000,000. Sprint has also filed a separate action against WBB, its principals, and other defendants in the District of Maryland. While the discovery period is currently closed in that case, WBB was ordered to produce its corporate representative and principal for deposition and the parties are currently working on scheduling those depositions in either August or September.

Sprint is seeking WBB's deposition in this case because WBB has information relevant to Sprint's claims and Defendants' defenses. As the Court is aware, Defendants have repeatedly failed to provide full and complete discovery responses and documents and Sprint has been forced to rely on third party subpoenas to obtain the information it needs to prosecute this case. WBB does not dispute that it has relevant information. Indeed, Defendants have sold hundreds of Sprint phones to WBB and WBB produced approximately 900 pages of documents relating to Defendants. Thus, it is entirely appropriate for Sprint to examine WBB on the documents it produced and its interactions with the Defendants.

## II. Legal Argument

"Pursuant to the Federal Rules of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter ... that is relevant to the claim ... of the party...." *Harris v. Computer Associates, Int'l., Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001). Pursuant to FRCP 45, a party may subpoena a non-party for testimony and a properly issued subpoena may only be quashed by the district court where compliance is required and only for specific enumerated bases, none of which are present here. FRCP 45(c)(1) and (d)(3).

### A. This Court Lacks Jurisdiction Over WBB's Motion

Federal Rule 45 "reserves the power to quash or modify a subpoena to the 'court for the district where compliance is required.'" *KGK Jewelry LLC v. ESDNetwork*, No. 11-9236, 2014 WL 1199326, at *2-3 (S.D.N.Y. Mar. 21, 2014) ("[j]urisdiction over a motion to quash or modify [a subpoena] remains with the court for the district where compliance is required;" denying motion to quash subpoenas because the motion was filed in the district where the case was pending, not in the districts where compliance was required) (quoting FRCP 45(d)(3)); *JMC Restaurant Holdings, LLC v. Pevida*, No. 14-6157, 2015 WL 2240492, at *2 (E.D.N.Y. May 12, 2015) (denying motion to compel compliance with subpoena that was not brought in the district court where compliance was required); *Simmons v. Fervent Electrical Corp.*, No. 14-1804, 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014) ("Rule 45 provides that subpoena related motions and applications are to be made to the court where compliance is required."); *see also Johnson v.*

---

[1] At least 1,600 of the Sprint Phones trafficked by WBB were obtained through burglaries or armed robberies of Sprint retail stores and Sprint authorized dealer locations.

The Honorable Ramon E. Reyes, Jr.
July 17, 2015
Page 3

*Simmons,* No. 13-205, 2015 WL 2155714, at *1 (S.D. Miss. May 7, 2015) ("even though the subpoena must issue from the court where the action is pending, the court of compliance still presides over disputes concerning production of the documents;" finding motion to compel to be moot because it was not filed in the district where compliance was required;); *Tomelleri v. Zazzle, Inc.,* No. 13-2576, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (same); *Semex Alliance v. Elite Dairy Genomics, LLC,* No. 14-87, 2014 WL 1576917, at *1–2 (S.D. Ohio Apr. 18, 2014) (same); *Shaw Grp., Inc. v. Zurich Am. Ins. Co.,* No. 12-257, 2014 WL 204244, at *1 (M.D. La. Jan. 17, 2014) (same).

WBB's Motion was filed in the District where the Subpoena was issued, not where the Subpoena commands compliance. Thus, this Court does not have jurisdiction over this matter and WBB's Motion should be denied. *Id*; *see also* FRCP 45(c)(1)(A) and (d)(3).[2]

### B.     WBB's Failed to Show Undue Burden or Expense

Assuming *arguendo* that this Court has jurisdiction over WBB's Motion, the Motion should be denied because WBB failed to meet its burden of establishing that the Subpoena imposes an undue burden or expense. Indeed, a non-party moving to quash a subpoena must "set forth any particular facts which suggest why this deposition imposes on him in a more significant way than it would on any other witness." *Universitas Educ., LLC v. Nova Group, Inc.,* No. 11-1509, 2013 WL 57892, at *2 (S.D.N.Y. Jan. 4, 2013) (non-party's motion to quash deposition subpoena denied based on unsupported allegations of undue burden and inconvenience). Moreover, "[i]nconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant testimony." *Aristocrat Leisure Ltd.*, 262 F.R.D. at 299-300. "Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45[] usually raises a question of the reasonableness of the subpoena … the trial court [may] consider whether the information is necessary and whether it is available from any other source." *Id.* A motion to quash should be denied where, as here, the Subpoena "is directly relevant to the allegations in the complaint," is necessary to establish the parties' claims and defenses and is not available from any other source. *Freydl v. Meringolo*, No. 09-7196, 2011 WL 1344368, at *4 (S.D.N.Y. Mar. 31, 2011) (denying motion to quash non-party subpoena on the basis of undue burden); *Aristocrat Leisure Ltd.*, 262 F.R.D. at 299-300; *Howard v. City of New York*, No. 12-933, 2013 WL 174210, at *1 (S.D.N.Y. Jan. 16, 2013) ("testimony and the materials sought in the [non-party] subpoena served upon him are plainly relevant to Plaintiff's claims and [] the subpoena does not impose an undue burden;" motion to quash denied) (internal quotations omitted).

Here, WBB failed to submit any evidence or affidavits detailing how compliance with the Subpoena would allegedly impose an undue burden or expense on WBB. *Aristocrat Leisure Ltd.*, 262 F.R.D. at 299 (denying non-parties' motion to quash on basis of undue burden because the movant did "not submit affidavits from the subpoenaed entities and individuals describing the burden" allegedly imposed by the subpoenas) (quoting *Kirschner v. Klemons*, No. 99-4828, 2005 WL 1214330, at *3 (S.D.N.Y. May 19,

---

[2] WBB cannot avoid the procedural requirements of Rule 45 simply by styling its motion as a request to intervene. Pursuant to FRCP 24(b), permissive intervention is only appropriate under two discrete circumstances, neither of which are alleged here., *i.e.* when a movant "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." A "motion to intervene for "limited purposes" is plainly not allowed by the Rule [24]." *Tummino v. Hamburg*, No. 12-763, 2013 WL 3005554, at *2 (E.D.N.Y. Apr. 5, 2013) (denying motion to intervene for a limited purpose) (citing *N.Y. News, Inc. v. Newspaper and Mail Deliverers' Union of N.Y.*, 139 F.R.D. 291, 293 (S.D.N.Y. 1991) ("[I]t is clear that the Federal Rules do not anticipate limited, 'special status' intervenors.").

The Honorable Ramon E. Reyes, Jr.
July 17, 2015
Page 4

2005) (citation omitted).  The deposition is set to take place within 35 miles of WBB's corporate headquarters and Sprint served the Subpoena with the required witness and mileage fee check to compensate WBB as required by the Federal Rules.  FRCP 45(b)(1).  WBB's assertion that it is burdened by appearing "in this foreign venue" is completely disingenuous because it should never have filed its Motion in this District.  [DE 42, at p. 1].  Because WBB failed to demonstrate undue burden or expense, WBB's Motion should be denied.  *Aristocrat Leisure Ltd.*, 262 F.R.D. at 299-300.

###### C.      Sprint Has Good Cause to Seek WBB's Deposition

Recognizing that WBB has no valid basis to quash Sprint's Subpoena, WBB posits that Sprint is seeking this deposition for an improper purpose.  "Improper purpose" is not an enumerated ground upon which to move for relief under Rule 45.  Further, Sprint does not seek to depose WBB in this case for an improper purpose.  As explained above, WBB produced approximately 900 pages of documents in this case.  Moreover, Sprint is currently aware of roughly 400 Sprint Phones that Defendants sold to WBB.  Furthermore, Defendants have put WBB at the forefront of this litigation by stating that "Wireless Buybacks [] is the largest purchaser of Sprint Phones from Defendant, iCell Guru" [DE 43, at p. 2].  Thus, the documents produced by WBB is likely only a fraction of the information WBB has relating to the Defendants unlawful trafficking scheme.  The Subpoena is narrowly tailored to address the information WBB has relating to the Defendants and the Sprint phones it received from or sold to the Defendants.

As Sprint has previously advised the Court, Defendants' production of documents in this case has been woefully deficient and evasive and Sprint has been left trying to piece together Defendants' activities from third-party documents and depositions, including WBB.  Thus, Sprint is unable to obtain this information from another source and it is necessary for Sprint to depose WBB in order to obtain all the information it needs to prosecute its claims.  *Long v. Marubeni America Corp.*, No. 05-639, 2007 WL 541621, at *2 (S.D.N.Y. Feb. 16, 2007) ("the information sought by the plaintiffs is relevant to the subject matter of the action. Furthermore, the reach of the plaintiffs' subpoena is reasonably limited in time and scope. This militates in favor of enforcing the subpoena;" denying motion to quash narrowly tailored subpoena) (citations omitted).

For the foregoing reasons, Sprint respectfully requests that the Court deny WBB's Motion in its entirety.  Thank you for your consideration.

Respectfully submitted,

CARLTON FIELDS JORDEN BURT, P.A.

*/s/ Gail Podolsky*

Gail Podolsky
*Attorney for Plaintiffs*

cc:      Counsel of record (via ECF)

# EXHIBIT F

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 1:14-cv-03539-FB-RER Sprint Solutions, Inc. et al v. iCell Guru Inc. et al Order on Motion to Intervene |
| **Date:** | Thursday, July 16, 2015 9:57:40 AM |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

#### Notice of Electronic Filing

The following transaction was entered on 7/16/2015 at 9:57 AM EDT and filed on 7/16/2015

**Case Name:**       Sprint Solutions, Inc. et al v. iCell Guru Inc. et al
**Case Number:**    1:14-cv-03539-FB-RER
**Filer:**
**Document Number:** No document attached

**Docket Text:**
ORDER denying [42] Motion to Intervene; denying [42] Motion to Quash. Motions denied for the reasons stated in plaintiffs' opposition [44]. Ordered by Magistrate Judge Ramon E. Reyes, Jr on 7/16/2015. (Reyes, Ramon)

#### 1:14-cv-03539-FB-RER Notice has been electronically mailed to:

Kevin K. Tung       ktung@kktlawfirm.com

Natalie Napierala     nnapierala@carltonfields.com, mdelgado@cfjblaw.com, msingh@cfjblaw.com, nnapierala@cfjblaw.com

Jennifer A. Yasko     jyasko@cfjblaw.com, kdemar@cfjblaw.com

James B. Baldinger     jbaldinger@carltonfields.com, shampton@carltonfields.com

Stacey K. Sutton     ssutton@carltonfields.com, kdemar@carltonfields.com

Gail Podolsky     gpodolsky@carltonfields.com, cwiltey@carltonfields.com

Ge Li      gli@kktlawfirm.com

Michael Lee Hitsky      hitsky@tndm.com, mhitsky@gmail.com

**1:14-cv-03539-FB-RER Notice will not be electronically mailed to:**

# EXHIBIT G

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P.,     ) ) ) | |
|       Plaintiffs,     ) | Civil Action No: 14-CV-3539-FB-RER |

SPRINT SOLUTIONS, INC. and SPRINT  )
COMMUNICATIONS COMPANY L.P.,       )
                                   )    Civil Action No: 14-CV-3539-FB-RER
        Plaintiffs,                )
                                   )
v.                                 )
                                   )
iCELL GURU, INC. and DANIEL YUSUPOV, )
                                   )
        Defendants.                )
                                   )
                                   )

## PLAINTIFFS' AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     **Wireless Buybacks, LLC**
        **6679 Santa Barbara Road**
        **Suite E**
        **Elkridge, MD  21075**

☒   *Testimony*:   **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is not a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

### SEE "EXHIBIT A" FOR NOTICE OF DEPOSITION

| Place: **Carlton Fields Jorden Burt, P.A.** **1025 Thomas Jefferson Street, N.W.** **Suite 400 East** **Washington, DC  20007** **FOR QUESTIONS CALL:  404-815-2714** | Date: **July 27, 2015 at 10:30 a.m.** |
|---|---|

The deposition will be recorded by this method: <u>transcribed by a court reporter.</u>

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>July 20, 2015</u>

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*Gail Podolsky*
_____
*Attorney Signature*

The name, address, e-mail, and telephone number of the attorney representing **Plaintiffs** who issues or requests this subpoena, is:  **Gail Podolsky, Carlton Fields Jorden Burt, P.A., 1201 West Peachtree Street, Suite 3000, Atlanta, Georgia 30309, gpodolsky@cfjblaw.com, 404-815-2714.**

CASE NO. 14-CV-3539-FB-RER
Eastern District of New York

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any)_____.
was received by me on (date)_____.

☐ I served the subpoena by delivering a copy to the named individual as follows:_____

_____

_____on (*date*)_____; or

☐ I returned the subpoena unexecuted because:_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

My fees are $_____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date:_____        _____

                                            *Server's Signature*

                                 _____

                                            *Printed name and title*

                                 _____

                                            *Server's address*

Additional information regarding attempted service, etc.

AO 88B (Rev. 12/13)  Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

  **(i)** is a party or a party's officer; or

  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## <u>NOTICE OF DEPOSITION</u>

Please take notice that pursuant to Rules 30, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the undersigned counsel for Plaintiffs will take the deposition of Wireless Buybacks, LLC on July 27, 2015 at 10:30 a.m. at Carlton Fields Jorden Burt, P.A., 1025 Thomas Jefferson Street, N.W., Suite 400 East, Washington, DC 20007.  Pursuant to Fed. R. Civ. P. 30(b)(6) and 45, Wireless Buybacks, LLC is to designate one or more officers, directors, managing agents or other persons knowledgeable of the subject areas described below and who shall testify as to matters known or reasonably available to Wireless Buybacks, LLC.

The deposition will take place before a notary public or other officer authorized to administer oaths and will continue from day to day until completed.  The deposition will be recorded by stenographic means.

## <u>DEFINITIONS</u>

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

1.      You" and "Your" shall mean and include Wireless Buybacks, LLC and each of its subsidiaries, parent, sister companies or organizations, officers, directors, members, managers, employees, accountants, agents, attorneys, representatives, investigators, consultants, partners or other persons or entities acting or purporting to act for it or on its behalf, and any corporation, partnership, proprietorship or entity of any type in which it has an interest or that is in any way affiliated or associated with it, and any parent, subsidiary, affiliate, licensee, franchisee, sister corporation or predecessor of same.

2.      "Defendants" shall mean and include iCell Guru, Inc. and Daniel Yusupov and each and all of Defendants' past and present companies, agents, employees, heirs, personal representatives, beneficiaries, and all other persons or entities acting or purporting to act for Defendants or on Defendants' behalf, including, but not limited to, any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or one of Defendant's representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants.

3.      "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence,

1

memoranda, tapes, or handwritten notes, written forms of any kind, charts, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, facsimiles, email messages, text messages, spreadsheets, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, website screen shots, databases, electronic code, e-mails and all other records kept by electronic means, photographic or mechanical means, and other things similar to any of the foregoing.

4.     To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

      a.     the title or other means of identification of the document;
      b.     the date of the document;
      c.     the author of the document;
      d.     the recipient or recipients of the document;
      e.     the subject matter of the document;
      f.     the present location of any and all copies of the document; and
      g.     the names and current addresses of any and all persons who have possession, custody or control of the document or copies thereof.

5.     "Person" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

6.     To "identify" a person means to state the person's full name, present or last known address and telephone number, and present or last known business affiliation and title.

7.     The phrase "contact or communication" includes all instances in which information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, facsimiles, email, or other data transmissions of any type or nature, whether oral, electronic, or written.

8.     To "identify" a contact or communication means to state the date of the contact or communication, the person or persons involved in, participating in, or present at the contact or communication, and the nature or type of the contact or communication.

9.     The term "entity" means corporations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

10.    The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

11.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the request for production all responses which might otherwise be construed to be outside the scope.

12.     The term "each" includes the word "every" and "every" includes the word "each." The term "any" includes the word "all" and "all" includes the word "any." The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request for production responses which might otherwise be construed to be outside the scope.

13.     "Customers" includes, but is not limited to, all individuals, companies, entities, resellers or third parties to whom you (or any other entity that you are affiliated with) have sold Sprint Products and/or information.

14.     "Sprint Product" or "Sprint Products" means any product, good, or service manufactured, distributed, sold, or offered for sale by Sprint, including but not limited to Sprint Handsets and Activation Materials, and expressly including any and all confidential activation codes.

15.     "Sprint Handset" or "Sprint Handsets" means any phone or handset manufactured, distributed, sold, or offered for sale by any of the Plaintiffs, including, but not limited to, Sprint, Sprint Prepaid, Boost Mobile, Virgin Mobile, payLo, and Assurance Wireless phones or phones manufactured for use on the Sprint telecommunications network, either in their original condition or after having been reprogrammed or otherwise altered or tampered with.

16.     "Activation Materials" shall mean any SIM Cards, PINs, codes, and/or other mechanism, process, instructions or materials used to activate service or acquire airtime in connection with a new activation.

17.     "Alter," "alteration," or "altering" means to modify, unlock, reprogram or change in any way, or to attempt to modify, unlock, reprogram or change in any way, any Sprint Handset.

18.     The term "relating to" shall be construed as to include indicating, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, supporting, or contradicting.

## TIME FRAME

Unless otherwise indicated, these Subject Areas cover the time period from January 1, 2010 up to and including the date of your response.

## SUBJECT AREAS

1.     All transactions of any kind between you and any of the Defendants.

2.     Defendants' involvement in the purchase and sale of Sprint Products.

3

3.      The location, disposition, and status of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets, that you sold, shipped, or altered for any of the Defendants.

4.      The location, disposition, and status of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets, that you purchased from any of the Defendants.

5.      All negotiations and communications with any of the Defendants regarding any proposed or actual sale, purchase, shipping, alteration or advertising of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets.

6.      Any and all advertising, promotional, or marketing endeavors of Sprint products by any of the Defendants of which you were a recipient or are otherwise aware.

7.      The facts and circumstances surrounding any and all customers that discussed, called, wrote, or otherwise communicated any dissatisfaction with Sprint Products purchased or received from you that you previously obtained from  any of the Defendants.

8.      The facts surrounding Defendants' involvement in any other lawsuit(s) relating to the purchase, sale, altering, shipping or advertising of any wireless handset.

9.      Your past and current employees and independent contractors, including, but not limited to, their job titles, dates of employment, job responsibilities who engaged with Defendants.

10.     Your knowledge or understanding of Defendants' business processes, including, but not limited to, methods and procedures for obtaining wireless handsets and accessories regarding same, inventorying the wireless products and accessories, preparing the handsets and accessories for shipping, shipping the handsets and accessories, and selling the handsets and accessories.

11.     All facts and information known by you relating to the classes, characteristics, and/or demographics of the typical purchaser and/or prospective purchaser of Defendants' products and/or services.

12.     Any and all online forums or marketplaces where you communicated with Defendants or through which you and Defendants conducted business, including without limitation, eBay, Amazon, Wireless Buzz, Wireless Association and/or Cellpex.

13.     All products and services offered by Defendants.

14.     All communications between you and any of the Defendants.

15.     Your efforts to locate and produce documents in response to the Subpoena Duces Tecum previously served on you, which is dated March 26, 2015.

101723909.1

# EXHIBIT H

**Wiltey, Connie**

| | |
|---|---|
| **From:** | Randy Price <randy@tndm.com> |
| **Sent:** | Friday, July 17, 2015 5:18 PM |
| **To:** | Podolsky, Gail E.; Mike Hitsky |
| **Cc:** | Yasko, Jennifer |
| **Subject:** | RE: Sprint v. iCell Guru: Third-Party Subpoena to Wireless Buybacks |

Gail - Mike is out of the office today, but I wanted to let you know that the potential WBB deponents are on vacation next week, but that we could try to do prep remotely and then produce a witness the following Monday, the 27th, so that you make your discovery deadline. If you want to host, we can do it at your G'town office, and could begin by 10:30 so that they have time to travel down from MD. Let us know if that works, or if there's anything else that you need.

Thanks,

Randy

**From:** Podolsky, Gail E. [mailto:GPodolsky@cfjblaw.com]
**Sent:** Friday, July 10, 2015 2:05 PM
**To:** Mike Hitsky; Randy Price
**Cc:** Yasko, Jennifer
**Subject:** Sprint v. iCell Guru: Third-Party Subpoena to Wireless Buybacks

Dear Mike,

Sprint will not withdraw its properly issued deposition subpoena to non-party Wireless Buybacks. Wireless Buybacks is one of Defendants iCell Guru's and Daniel Yusupov's (collectively, Defendants) largest buyers and has relevant and discoverable information about Defendants' trafficking business. Indeed, your client produced 700 pages of documents in this case, including emails, communications and transactional evidence, all of which are highly relevant to Sprint's claims and Defendants' defenses. Your position that Sprint wants this deposition for the improper purpose is completely false. As evidenced by the documents already produced, Wireless Buybacks has a wealth of information about Defendants and their trafficking business and the subpoena was narrowly tailored to solicit this information. *See Malibu Media, LLC v. Doe*, No. 14-252, 2014 WL 2879326 (D. Md. June 23, 2014) (court denied motion to quash non-party deposition subpoena on the bases of over breadth and undue burden where the subpoena was narrowly tailored, sought information relevant to the case and not available through another source); *Papanicolas v. Project Execution and Control Consulting, LLC*, No. 12-1579, 2015 WL 12427552015 (D. Md. Mar. 17, 2015) ("[t]he burden of proving that a subpoena is oppressive is on the party moving to quash;" court denied motion to quash non-party subpoena) (citation omitted). Wireless Buybacks has no valid basis for seeking a protective order to prevent this deposition from going forward. We are more than willing to work with you on the date, time and location, but we will not withdraw the subpoena. If you would like to discuss this further, please feel free to email or call.

Sincerely,

Gail



**Gail E. Podolsky**
Attorney at Law

1

One Atlantic Center
1201 W. Peachtree St. N.W., Ste. 3000
Atlanta, Georgia  30309-3455
Direct:  404.815.2714 | Fax:  404.815.3415

GPodolsky@cfjblaw.com | www.CFJBLaw.com
bio | vcard

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product.  If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

---

**From:** Mike Hitsky [mailto:hitsky@tndm.com]
**Sent:** Wednesday, July 08, 2015 1:33 PM
**To:** Yasko, Jennifer
**Cc:** Randy Price
**Subject:** Sprint v. iCell Guru: Third-Party Subpoena to Wireless Buybacks

Jennifer,

I just wanted to follow up regarding my call to reiterate that we believe that Sprint is seeking WBB's deposition for an improper purpose; for the various reasons I articulated on the call and that will be restated in our motion to quash.  If we have not received written confirmation from Sprint by Friday that it is withdrawing the subpoena, we will move to quash.

To the extent you need to speak with us before we file, please call Randy or include him on any written correspondence as I will be out of the office on client business tomorrow and Friday.

Thanks,

Mike

MIKE HITSKY
TANDEM LEGAL GROUP
www.TNDM.com
829 7TH ST. NW
WASHINGTON, DC 20001
PHONE: 202.969.0111
hitsky@tndm.com

# EXHIBIT I

# [FILED UNDER SEAL]

# EXHIBIT J

# CARLTON FIELDS JORDEN BURT

ATTORNEYS AT LAW

**One Atlantic Center**
1201 West Peachtree Street | Suite 3000
Atlanta, Georgia  30309-3455
404.815.3400 | fax 404.815-3415
www.CFJBLaw.com

**Atlanta**
Hartford
Los Angeles
Miami
New York
Orlando
St. Petersburg
Tallahassee
Tampa
Washington, DC
West Palm Beach

Gail Podolsky
404.815.2714 Direct Dial
gpodolsky@cfjblaw.com

August 5, 2015

Charles R. Price, Esq.                                  ***Via Email and U.S. Mail***
Tandem Legal Group LLC
829 7th Street NW
Washington, DC 20001
randy@tndm.com

Re:     *Sprint Solutions, Inc., et al. v.iCell Guru, Inc.,  et al.*, United States District Court,
        Eastern District of New York, Civil Action No.: 14-CV-3539-FB-RER

Dear Randy:

As you know, this law firm represents Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively, "Sprint") in connection with the above-referenced matter.  I write in a good faith attempt to address a discovery dispute regarding the deposition of Wireless Buybacks, LLC ("WBB"), which took place on July 27, 2015.  Pursuant to FED. R. CIV. P. 37 and D.D.C. LCvR 7(m), please consider this a good faith attempt to resolve the matters addressed herein.  If we are unable to reach an agreement, Sprint will move to compel and for attorneys' fees.

Sprint issued a subpoena to WBB on July 2, 2015, setting WBB for deposition on July 21, 2015.  Pursuant to FED. R. CIV. P. 30(b)(6), the subpoena contained a list of subject areas for examination.  WBB did not object to the list of subject areas identified in the subpoena, nor did it seek a protective order regarding the subject areas.  Moreover, at your request, Sprint agreed to move the date of the deposition to July 27, 2015, which allowed an additional week for your client to prepare.

Despite receiving the subpoena almost four weeks prior to WBB's deposition, WBB's corporate designee, Kevin Lowe, was wholly unprepared to address the subject areas identified in the subpoena, and could not answer even the most basic questions posed by Sprint.  For example, Mr. Lowe did not know:

- whether Wireless Buybacks is still doing business with Defendants;
- who was Defendants primary contact at Wireless Buybacks;
- how Wireless Buybacks was introduced to Defendants;
- how Wireless Buybacks vetted Defendants as a new vendor; and,
- whether Wireless Buybacks' text messages were searched in connection with documents produced by Wireless Buybacks;

Charles R. Price
August 5, 2015
Page 2

- whether any phones obtained by Wireless Buybacks from Defendants were subject to the raid by federal authorities; and,
- whether WBB paid a commission to 4 U Cell for the phones it bought from Defendants.

All of this information is directly responsive to subject areas three, four, five, six, nine, thirteen, fourteen and fifteen in the subpoena, and Mr. Lowe should have been able to answer these questions along with the dozens of other questions asked during the deposition. Moreover, you improperly invoked the attorney client privilege as a basis for instructing your client not to answer questions about WBB's efforts to locate and produce documents in response to the March 26, 2015 Subpoena Duce Tecum, which is subject area number 15 in the subpoena.

WBB produced Mr. Lowe knowing that he had no direct involvement with the Defendants, and clearly failed to ensure that he was adequately prepared to address the listed subject areas. WBB has already been chastised for engaging in antagonistic behavior that runs afoul to the discovery rules. This is clearly another example of WBB engaging in improper and obstructionist conduct. *See Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 25 (D.D.C. 2010) ("A court 'must guard against the gamesmanship of a company avoiding deposition topics by, for example, naming as a 30(b)(6) witness a person who knows nothing about the topics and does nothing to inform himself about them so that his deposition threatens to be a series of cynical I do not know statements.'" (quoting *Banks v. Office of the Senate Sergeant–At–Arms*, 241 F.R.D. 370, 375 (D.D.C. 2007)).

For all practical and legal purposes, Wireless Buybacks failed to appear for its Rule 30(b)(6) deposition. *Id.* at 24 ("Courts in this district have found that a corporate party's failure to educate its 30(b)(6) witness with respect to the corporation's full knowledge of topics noticed for the deposition is effectively a failure 'to appear for the purposes of Rule 37(d).'" (quoting *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174 (D.D.C. 2003)). Sprint is entitled to a proper Rule 30(b)(6) deposition and WBB "is obligated to produce one or more 30(b)(6) witnesses who [a]re thoroughly educated about the noticed deposition topics with respect to any and all facts known to [WBB] or its counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the minds of counsel." *Vitamins Antitrust Litig.*, 216 F.R.D. at 172.

Accordingly, Sprint demands that WBB produce a prepared corporate designee in Washington D.C. for a full seven hour deposition to testify regarding each and every subject area listed in the subpoena. If WBB does not agree to the foregoing terms by August 12, 2015, Sprint will have no alternative but to seek all available relief from the Court including, but not limited to, an order compelling WBB's deposition and compensation for Sprint's reasonable expenses, incurred in making the motion.

Sincerely,

CARLTON FIELDS JORDEN BURT, P.A.

Gail E. Podolsky

cc:   Kevin Tung, Esq.
      Gordon Li, Esq.

# EXHIBIT K



TANDEM Legal Group LLC.
829 7th St. NW
DC 20001

O 202.969.0110

VIA ELECTRONIC MAIL

August 13, 2015

Gail Podolsky
Carlton Fields Jorden Burt, LLP
1201 West Peachtree Street, Suite 3000
Atlanta, GA 30309

> *Sprint Solutions, Inc., v. iCell Guru, Inc.*

Dear Gail,

I write in response to your letter dated August 5, 2015, concerning third-party Wireless Buybacks LLC's ("WBB") extensive efforts to provide documents and deposition testimony for a case in which they are not involved, against a vendor from whom they purchased fewer than 100 Sprint handsets, and in which they produced one of two WBB principals for a deposition that consumed the full seven (7) hours permitted under the Federal Rules.

It is that last point on which I would like to focus. If Mr. Lowe had been an unknowledgeable witness — which he was not — you presumably would not have needed seven long hours of questioning to reach that determination. It was your deposition, and it was your decision to consume your entire seven hours of allotted time, rather than stopping the deposition after one hour and reserving the rest of your time to demand a deponent with sufficiently encyclopedic knowledge of such topics as the "demographics of the typical purchaser and/or prospective purchaser of [iCell's] products and/or services," and "[a]ll products and services offered by [iCell]," as well as minutiae identified in your letter that has no bearing on the material facts needed to establish the actual elements of your claims or to establish damages. I fail to see, for example, how your claims against iCell could be materially impacted by not knowing whether WBB paid a commission to a third party in a transaction not involving iCell, or where exactly third party transactions fall in your listed subject areas. Likewise, expecting Mr. Lowe to have committed to memory individualized vendor information for thousands of handsets also seems more than a little demanding. Again, you made the decision to consume your full seven hours.

Your avaricious demand for a <u>second</u> "full seven hour deposition" is akin to going to Ben's



Chili Bowl, ordering a Half-Smoke, eating the entire thing, and then claiming it was undercooked and demanding a second. With all due respect, if you had truly believed that Mr. Lowe was underprepared and that you would need a second "full seven hour deposition," you had an affirmative obligation not to subject him to over seven hours of what I must now infer was questioning intended only to harass and impose undue burden and expense.

As you know, I have yet to even receive the transcript of Mr. Lowe's deposition. So, at the risk of being accused of being "wholly unprepared" to respond regarding every specific question posed over seven hours, I will say that until I am able to review the transcript, I feel it is premature to respond regarding Mr. Lowe's specific responses.

I will say that I have reviewed the "authority" that you cited, and that none of the cases provide even the slightest support for your unreasonable demands. In *Covad Communications*, which involved a party witness, the court found entirely reasonable that the witness "lacked knowledge in certain areas" given that "she was well informed of most of the areas of inquiry," and that the party had not made an "attempt to produce a witness who was purposefully ignorant and chosen because of that ignorance." *In re Vitamins* likewise involved a party deponent, and moreover concerned potentially billions of dollars in treble damages, in contrast to a few dozen phones that Sprint had already sold and therefore parted with title.

Moreover, your apparent belief that Rule 37(d) is applicable to non-parties is in error. In contrast, I direct your attention to your affirmative obligation under Rule 45(d)(1), and the fact that the Federal Rules mandate that district courts enforce that duty and "impose an appropriate sanction" against any party or attorney who fails to comply. Should you elect to proceed with moving to compel a second seven hour deposition, after demanding a response without waiting for the transcript, from a third party in a case where discovery has closed and the third party's involvement was limited to lawfully purchasing a few dozen phones from another wholesaler (not a Sprint customer), which Sprint had already sold, I will move for sanctions against Sprint and yourself to include, *inter alia*, all attorney's fees incurred to date in responding to Sprint's unreasonable and unnecessary discovery demands.

Sincerely,

Charles R. Price

2

# EXHIBIT L

**Wiltey, Connie**

| | |
|---|---|
| **From:** | Podolsky, Gail E. |
| **Sent:** | Friday, August 14, 2015 8:18 AM |
| **To:** | 'Randy Price' |
| **Subject:** | RE: Sprint v. iCell Guru, et al. |
| **Attachments:** | Deposition of Wireless Buybacks (rough)(101817393_1).txt |

Randy,

We have reviewed your letter and find your client's position untenable. In a final good faith attempt to resolve this discovery dispute, attached is the rough transcript from Wireless Buyback's deposition. Please let me know by Tuesday, August 18th if your client's position has changed. If not, we will move to compel.

Sincerely,

Gail

**CARLTON FIELDS**
**JORDEN BURT**

**Gail E. Podolsky**
Attorney at Law

One Atlantic Center
1201 W. Peachtree St. N.W., Ste. 3000
Atlanta, Georgia  30309-3455
Direct:  404.815.2714 | Fax:  404.815.3415

GPodolsky@cfjblaw.com | www.CFJBLaw.com
bio | vcard

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product. If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

**From:** Randy Price [mailto:randy@tndm.com]
**Sent:** Thursday, August 13, 2015 1:22 AM
**To:** Wiltey, Connie <CWiltey@cfjblaw.com>
**Cc:** 'ktung@kktlawfirm.com' <ktung@kktlawfirm.com>; gli@kktlawfirm.com; Podolsky, Gail E. <GPodolsky@cfjblaw.com>; Yasko, Jennifer <JYasko@cfjblaw.com>
**Subject:** RE: Sprint v. iCell Guru, et al.

Hi Connie - please see attached.

Thank you,

Randy

**From:** Wiltey, Connie [mailto:CWiltey@cfjblaw.com]
**Sent:** Wednesday, August 05, 2015 5:01 PM
**To:** Randy Price
**Cc:** 'ktung@kktlawfirm.com'; gli@kktlawfirm.com; Podolsky, Gail E.; Yasko, Jennifer
**Subject:** Sprint v. iCell Guru, et al.

Good afternoon.  Please see attached letter from Gail Podolsky regarding the above matter.  Thank you.


Connie Wiltey
Legal Administrative Assistant to
Gail Podolsky


## CARLTON FIELDS
## JORDEN BURT

**Connie Wiltey**
Legal Administrative Assistant

One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia  30309-3455
Direct:  404.815.2730 | Fax:  404.815.3415

CWiltey@cfjblaw.com | www.CFJBLaw.com

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product.  If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

# EXHIBIT M

**Wiltey, Connie**

| | |
|---|---|
| **From:** | Randy Price <randy@tndm.com> |
| **Sent:** | Monday, August 24, 2015 12:25 AM |
| **To:** | Podolsky, Gail E. |
| **Subject:** | RE: Sprint v. iCell Guru, et al. |

Gail - I have reviewed the transcript, and it reaffirmed my view that Mr. Lowe was more than sufficiently prepared, particularly for a third-party witness testifying about a minor vendor regarding a few dozen phones.  I also note that your earlier letter mischaracterizes a number of the questions that claim Mr. Lowe was unable to answer, and furthermore that none of the questions read on material elements or even damages for your claims against iCell. If you feel the need to move to compel, that will be your choice.  Please note that I will seek fees for opposing your motion and also ask the court to award fees incurred to-date to provide the requested discovery.

Best regards,


RANDY PRICE
**TANDEM LEGAL GROUP**
829 7TH ST. NW
DC 20001
P: 202.969.0110
F: 202.969.0099
www.TNDM.com



**From:** Podolsky, Gail E. [mailto:GPodolsky@cfjblaw.com]
**Sent:** Friday, August 14, 2015 8:18 AM
**To:** Randy Price
**Subject:** RE: Sprint v. iCell Guru, et al.

Randy,

We have reviewed your letter and find your client's position untenable.  In a final good faith attempt to resolve this discovery dispute, attached is the rough transcript from Wireless Buyback's deposition.  Please let me know by Tuesday, August 18th if your client's position has changed.  If not, we will move to compel.

Sincerely,

Gail


**CARLTON FIELDS
JORDEN BURT**

**Gail E. Podolsky**
Attorney at Law

One Atlantic Center
1201 W. Peachtree St. N.W., Ste. 3000
Atlanta, Georgia  30309-3455

Direct:  404.815.2714 | Fax:  404.815.3415

GPodolsky@cfjblaw.com | www.CFJBLaw.com
bio | vcard

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product.  If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*


**From:** Randy Price [mailto:randy@tndm.com]
**Sent:** Thursday, August 13, 2015 1:22 AM
**To:** Wiltey, Connie <CWiltey@cfjblaw.com>
**Cc:** 'ktung@kktlawfirm.com' <ktung@kktlawfirm.com>; gli@kktlawfirm.com; Podolsky, Gail E. <GPodolsky@cfjblaw.com>; Yasko, Jennifer <JYasko@cfjblaw.com>
**Subject:** RE: Sprint v. iCell Guru, et al.

Hi Connie - please see attached.

Thank you,

Randy


**From:** Wiltey, Connie [mailto:CWiltey@cfjblaw.com]
**Sent:** Wednesday, August 05, 2015 5:01 PM
**To:** Randy Price
**Cc:** 'ktung@kktlawfirm.com'; gli@kktlawfirm.com; Podolsky, Gail E.; Yasko, Jennifer
**Subject:** Sprint v. iCell Guru, et al.

Good afternoon.  Please see attached letter from Gail Podolsky regarding the above matter.  Thank you.

Connie Wiltey
Legal Administrative Assistant to
Gail Podolsky


**CARLTON FIELDS
JORDEN BURT**

**Connie Wiltey**
Legal Administrative Assistant

One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia  30309-3455
Direct:  404.815.2730 | Fax:  404.815.3415

CWiltey@cfjblaw.com | www.CFJBLaw.com

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product.  If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*